WASHINGTON KENNEDY *vs.* THE COUNTY COMMIS-
SIONERS OF CECIL COUNTY.

*Negligence—Action for Damages—Injury—Erroneous in-
struction—Contributory negligence—Objectionable instruc-
tion.*

To maintain an action for the recovery of damages for an injury
alleged to have been caused by the defendant's negligence, the
plaintiff must show that his injury was occasioned exclusively
by the negligence of the defendant, and if he has himself been
guilty of any negligence which has contributed to cause the
accident, he cannot recover; but even if he has been guilty of
negligence which may have remotely contributed to the accident,
yet if the defendant could, by the exercise of reasonable care and
diligence, have avoided it, the plaintiff's negligence will not ex-
cuse the defendant.

In a suit against County Commissioners to recover damages for an
injury sustained by the plaintiff while driving a pair of mules
over one of the public roads of the county, and alleged to have
been occasioned by the negligence of the defendants in permitting
the road to be out of repair, an instruction that, if the accident
was caused by the fright of the plaintiff's mules, the verdict must
be for the defendants, unless the fright was caused by a defect
in the road manifestly calculated to frighten horses of ordinary
gentleness, and the defendants knew, or by the use of ordinary
care and diligence might have known of the same, in time, by
ordinary diligence, to repair it, is erroneous in declaring that the
plaintiff was not entitled to recover, under any circumstances,
unless the fright of the mules was caused by failure of duty on
the part of the defendants.

In such action the plaintiff would be entitled to recover although
his own negligence remotely contributed to produce the accident,
provided the road was in disrepair through the defendants' neg-
ligence, and the consequences of the plaintiff's negligence would
have been avoided if the road had been in good repair.

The enumerating of certain portions of the evidence, to the ex-
clusion of other portions, in an instruction to the jury, is very
objectionable.

APPEAL from the Circuit Court for Cecil County.

To the statement of the case as contained in the opinion of the Court, and in the dissenting opinion by Judge MILLER, there may be added, that, the plaintiff gave evidence that the road and bridge were out of repair, and had been for two weeks before the accident, and were in an unfit condition for teams to travel thereon with safety; that the road commissioner who had charge of this bridge resided about three miles distant, and the road supervisor who had charge of the road at that point about two miles.

*Exception.*—The plaintiff offered the four following prayers:

1. If the jury find that the plaintiff was injured while travelling on a public highway of Cecil County, and that the defendant negligently failed to keep said highway in repair, and that said injury occurred to the plaintiff in consequence of said negligence, then the plaintiff is entitled to recover, unless the jury further find that the plaintiff by his own negligence directly contributed to the injury he received.

2. That in order to defeat this action, on the ground of the plaintiff or plaintiff's servants' contributory negligence, the defendant must, by preponderating evidence, establish: First. That plaintiff or said servants were negligent; and, Secondly. That such negligence on their part directly contributed to the injury.

3. That it is the duty of the defendant or those agents, for whose acts or neglects the defendant is responsible, to keep the public roads of Cecil County in such good repair as to afford free, safe and easy passage over the same; and if the jury believe that the defendant or its agents failed in the performance of the aforesaid duty, and the plaintiff, while travelling on said roads, and using reasonable care, was injured

in consequence thereof, then he is entitled to recover in this action.

4. That if the jury find a verdict for the plaintiff, in estimating the damages they are to consider the health and condition of the plaintiff before the injury complained of, as compared with his present condition in consequence of said injury, if they find it to be such consequence, and also the mental and physical suffering, if any, to which the plaintiff was subjected in consequence of said injury, and to award him such damages as in the opinion of the jury will be a fair and just compensation therefor.

The defendant offered the seven following prayers:

1. That the County Commissioners are not insurers against accidents occurring on the public roads, nor are they required by law to make and keep the same in perfect condition and repair, but only that they shall use reasonable care and diligence in the exercise of the powers vested in them in regard to the public roads. And if the jury find that the road and bridge mentioned in the evidence were reasonably safe for persons travelling thereon with ordinary care, their verdict must be for the defendant.

2. That even if the jury should find that the road mentioned was in bad repair and unmended, yet before they can find a verdict for the plaintiff, they must further find that the defendant knew, or by the use of ordinary care could have known, of the bad condition of said road in time, by the use of ordinary care and diligence, to have repaired the same before the accident; and in passing upon the question of whether the defendant by use of ordinary care and diligence might have known of the bad condition of said road, the jury should consider the nature of the defect itself, if any, the location of said road, whether in a thickly or sparsely settled country, and whether the said road was or was not much travelled.

3. That if the jury find that the accident was caused by the fright of plaintiff's mules, then their verdict must be for the defendant, unless said fright was caused by a defect in said road manifestly calculated to frighten horses of ordinary gentleness, and that defendant knew, or by the use of ordinary care and diligence might have known of the same in time by ordinary diligence to have repaired the same.

4. That if the jury shall find from the evidence that the plaintiff was injured whilst passing over the public road in question, and said injury was caused by want of ordinary care and caution on the part of the plaintiff and his servants, or any of them, then he is not entitled to recover in this action, although the jury may find that the bridge at the time of the accident was out of repair.

5. That if the jury find that the plaintiff, his servants in charge of said team, or any of them, by their or either of their want of ordinary care, directly contributed in any degree to cause the injury complained of, their verdict must be for the defendant.

6. That if the jury find that the lead horses or mules attached to plaintiff's wagon were driven by a boy between thirteen and fourteen years of age, and he, by reason of his youth or from other cause, was incapable of managing said horses or mules, and his said want of capacity was the cause of the accident, and directly contributed thereto, then their verdict must be for the defendant.

7. That if the accident to the plaintiff would not have occurred but for the want of ordinary care or reasonable capacity of the drivers of his team, or of any of them that directly contributed thereto, he is not entitled to a verdict in this case even though the jury may find that the bridge in question was defective and out of repair.

The Court (STUMP, J.,) granted the prayers of the plaintiff as also those of the defendant. The plaintiff excepted to the granting of the defendant's prayers, and the verdict and judgment being against him he appealed.

The cause was argued before MILLER, YELLOTT, IRVING, and BRYAN, J., and re-argued before ALVEY, C. J., MILLER, IRVING, BRYAN, and MCSHERRY, J.

*James J. Archer*, and *Albert Constable*, for the appellant.

*Charles C. Crothers*, for the appellee.

BRYAN, J., delivered the opinion of the Court.

Kennedy brought suit against the County Commissioners of Cecil County to recover damages for personal injuries sustained, while travelling on a public road of the county. It was averred that the defendants negligently permitted the road to be out of repair, and that, by reason of this negligence, the plaintiff was injured. The testimony tended to show that a bridge over a small stream was out of repair, and that in crossing it the plaintiff was injured. The evidence was contradictory on the question of negligence, some of it tending to show that the plaintiff was injured by his own negligence, and some of it to the effect, that the injury was caused by the unsafe condition of the bridge. Four prayers were offered by the plaintiff; and seven on behalf of the defendant. The Court granted all the prayers on both sides, and the plaintiff excepted to the granting of the defendants' prayers.

In this Court the appellant's objections were chiefly confined to the third and fourth prayers of the defendant. By the third prayer, the jury were instructed

that if the accident was caused by the fright of the plaintiff's mules, the verdict must be for the defendants; unless the fright was caused by a defect in the road manifestly calculated to frighten horses of ordinary gentleness, and that the defendants knew, or by the use of ordinary care and diligence, might have known of the same in time by ordinary diligence to repair it. The relative duties of plaintiff and defendant in cases of this kind have been very frequently considered by this Court. We do not propose to depart from what we have already decided on this subject. The views of the Court are tersely expressed in *Kean vs. Balt. and Ohio Railroad Company,* 61 *Md.,* 167. It is there stated in substance, that the plaintiff must show that his injury was occasioned exclusively by the negligence of the defendant, and that if he has himself been guilty of any negligence which has directly contributed to cause the accident, he cannot recover, but that even if he has been guilty of negligence which may have remotely contributed to the accident, yet if the defendant could by the exercise of reasonable care and diligence have avoided it, the plaintiff's negligence will not excuse the defendant.

The fright of the mules did not necessarily imply any negligence or culpability on the part of the plaintiff. He is not responsible for the consequences produced by it, unless they can be traced to some default on his part. The question is not a new one in this Court. According to the case of *Baltimore and Yorktown Turnpike Road vs. Crowther,* 63 *Md.,* 567, if the mules were managed with a want of ordinary care and skill, and such want of care and skill contributed to produce the accident; or if they were unsafe and unfit to be driven on a public road, and the plaintiff knew it or might have known it, and the accident would not have occurred, if they had been ordinarily gentle and

well broken, the verdict ought to have been for defend-
ants. And the same decision was made in *Cassell's
Case*, 66 *Md.*, 434. The case of *Baltimore and Harford
Turnpike Co. vs. Bateman*, 68 *Md.*, 389, recognizes and
maintains the same principle. The ruling of the Court
below on this prayer declares that if the fright of the
mules caused the injury, the plaintiff's recovery is
absolutely defeated, unless the fright was caused by
failure of duty on the part of the defendant. If this
cause be not shown for the fright, no fact or circum-
stance, or combination of facts and circumstances can
avail to entitle the plaintiff to a verdict; the attention of
the jury is directed to this sole inquiry, and without con-
sidering anything else in the case, they are peremptorily
required to find a verdict for the defendant. This is
not our view of the law.

The fourth prayer was to the effect that if the plain-
tiff's injury was caused by a want of ordinary care and
caution on his part, or the part of any of his servants,
he could not recover; although the bridge was out of
repair at the time of the accident. This instruction
did not place the case properly before the jury. It dis-
regards the ruling in *Kean's Case* already mentioned;
because it makes no distinction between the negligence
which might be a remote cause, and that which might
be the direct or immediate cause of the accident. If
the jury found negligence on the part of the plaintiff,
and that it remotely contributed to produce the acci-
dent; yet he would be entitled to recover, provided
they found that the road was in disrepair through
defendant's negligence, and that the consequences of
the plaintiff's negligence would have been avoided if the
road had been in good repair.

The defendant's second prayer was somewhat criti-
cised in the appellant's argument in this Court. It
tells the jury that in passing on the question whether

the defendants might by due diligence have known of the bad condition of the road, they should consider the nature of the defect itself, if any, the location of the road, whether in a thickly or sparsely settled country, and whether it was or was not much travelled. It might also have mentioned the facts in evidence that the road commissioner who had charge of the bridge resided about three miles distant, and that the road supervisor who had charge of the road at that point resided about two miles distant. But this mode of instructing the jury by enumerating certain portions of the evidence to the exclusion of other portions is very objectionable. The jury are to draw their conclusions from all the evidence in the cause bearing on the subject of inquiry. If a party apprehends that they will make an improper application of any portion of the testimony, he ought to ask an instruction from the Court pointing out the questions to which it ought not to be applied. *Pegg vs. Warford*, 7 *Md.*, 607. In the case of *Moore vs. McDonald, et al.*, 68 *Md.*, 321, this Court expressed its disapproval of prayers drawn in the manner pursued in this second prayer. And on previous occasions it has done the same thing. As the judgment will be reversed for error in the third and fourth prayers, we think it unnecessary to say more on this point; hoping that such defective prayers will not be presented by counsel in the future.

> *Judgment reversed, and*
> *new trial ordered.*

(Decided 12th June, 1888.)

MILLER, J., filed the following dissenting opinion:

This case was heard originally by four Judges only, and a difference of opinion as to how it should be disposed of arose. Thereupon it was deemed best that it

should be re-argued, and it was accordingly so ordered by a majority of the Judges who heard the original argument, without any suggestion or motion by counsel to that effect. The re-argument has been made and the case must now be decided by the Judges who sat at the rehearing.

The suit is against the County Commissioners of Cecil County to recover damages for an injury sustained by the plaintiff, while driving his team over one of the public roads of the county. There was a demurrer to the declaration which was overruled, and also to the defendants' third plea which was sustained. The rulings upon these demurrers (if before us for review) seem to be correct. The declaration contains the usual averments in such cases charging that it was the duty of the County Commissioners to keep the roads of the county in repair, and that the road in question was *negligently* suffered by them to be out of repair, whereby the plaintiff when travelling thereon, and using due care was hurt. The local road law for Cecil County (Act of 1884, ch. 45), relied on in their third plea, contains nothing which exempts the defendants from their general duty and responsibility in regard to all the public roads of the county.

After this action on the demurrers, the case was tried before a jury on issue joined on the plea of *non cul.* The verdict and judgment were in favor of the defendants and the plaintiff has appealed. The testimony was very conflicting as to the condition of the road at the time of the accident, and as to how the injury inflicted upon the plaintiff was caused. The Court granted all the instructions asked for on both sides, and the single exception is to the granting of those asked by the defendants. The main argument of the appellant's counsel has been addressed to the third instruction which he insists is erroneous. The others, in connection with

those granted for the plaintiff, are addressed to the general questions involved in this and other like cases, such as whether the road was reasonably safe for travel, whether the defendants were culpably negligent in not repairing it, whether there was contributory negligence on the part of the plaintiff, and the measure of damages. These instructions seem to me fairly to lay down the law of the case on all these questions, and I can discover no substantial error in any of them.

The third instruction is addressed to that part of the plaintiff's testimony in which he says the accident was caused by the fright of one of his mules, and it becomes necessary to state substantially what he says on this subject. He was engaged in hauling with a team of four horses and two mules a hay press weighing about 6500 lbs. The accident occurred at a bridge about sixteen feet wide, covering a small stream of water which ran across the road. He says the road was about thirty feet wide between the fences, but the travelled part of it was only about sixteen feet, the width of the bridge; that when he approached the bridge he could see there was a hole or crack extending about two thirds of the way across the travelled portion of the road, which had been caused by a flood having raised the upper end of the bridge about six inches higher than the bed of the road, and having washed out the earth next to the bridge as far across the road as this elevation of the bridge extended; that this hole or crack was about two and a half feet wide, and in order to get on the bridge with his heavy team, it was necessary to raise the level of the road to the level of the bridge so that his team could mount on to the planking of the bridge; that for this purpose he and his two drivers carried five or six rails and placed them along the crack where the elevation of the bridge above the road was least; that this necessarily forced his team

away from the centre of the road to the lower or left side of the bridge; that he then took the reins of the tongue horses, another driver those of the middle horses, and another those of the mules, which were in the lead; that in approaching the bridge the wagon was in the extreme east margin of the travelled way and defendants had allowed bushes, some of which were as high as his shoulders, to grow along the margin of the travelled part of the road and up to within eight feet of the bridge; that it was necessary the wagon and team should go on this side instead of in the centre of the road, in order to get on the lower side of the bridge, because his team could not have pulled the wagon on the bridge in any other part of the road than that where he attempted to cross; that advancing on the bridge in this way he thought he could pass safely over; that the lead mules passed on the bridge near its north-east corner, and their heads being pulled by the reins to the right so as to bring the wagon more towards the middle of the bridge after it had got on, the off or right hand mule was frightened by the rails which had been placed in the crack, and shied towards the left or lower side of the bridge, and drew off in that direction, which caused the front wheels of the wagon, beside which he was walking holding the reins, to swerve round also to the left, and his foot was caught in the wheel, and being unable to escape he was thrown down and the front wheel passed over his foot, causing a compound fracture of the bone of the leg above the ankle joint.

Having given this description of the accident and injury he added, "that the wagon being in the position directly along the east margin, and the *bushes* which were permitted to grow there, being flush with the margin *he was unable to escape.*" It is difficult, however, to perceive how the *bushes* could have had anything to do with preventing his escape *after* his foot

had been so caught by the wheel as to inflict this injury. But at all events I take it to be very clear that from this testimony the jury could have found that the immediate, and indeed sole *cause* of the injury as thus described, was the fright of the mule. And if this fright was occasioned by a defect in the road for which the defendants were, under the law, responsible, I take it to be equally clear that the plaintiff would have been entitled to recover. It seems to me, therefore, that it was to meet this aspect of the case, and to lay down the law applicable thereto, so far as the defendants were concerned, that this third instruction was asked for and granted. It is as follows:

"If the jury find that the accident *was caused* by the fright of the plaintiff's mules then their verdict must be for the defendants, unless said fright was caused by a defect in said road manifestly calculated to frighten horses of ordinary gentleness, and that the defendants knew, or by the use of ordinary care and diligence might have known of the same in time by ordinary diligence to have repaired the same."

It was conceded by counsel (and it is undoubted law) that defects in highways by which horses are frightened must be such as are calculated to frighten horses of ordinary gentleness, in order to make the county authorities responsible for accidents caused by such fright. With this concession and the well established law on the subject, I can see no well founded objection to this instruction. It requires, and indeed *compels*, the jury to find (as they well could from this evidence) that the accident in this case was caused *simply* by the fright of the mules. It leaves out of view all other causes by which the accident may have occurred or which may have contributed to produce it. If the jury found that it proceeded from any other cause, remote or proximate, this instruction does not authorize them to find a verdict for the defendants.

Such, in my judgment, is the construction and effect of this instruction, and I cannot see that it was in any way calculated to mislead the jury, or that it has the effect of depriving the plaintiff of the benefit of a *prima facie* case supposed to arise from the fact that the road may have been out of repair, or that it is in conflict with any instruction on that subject approved by our decisions in other cases.    It was an instruction directed to a particular phase of the present case, and must be taken in connection with the other instructions granted by the Court.    My opinion is that by these instructions the whole law of the case was fairly given to the jury, and the judgment should be affirmed.

(Filed 12th June, 1888.)