## DUDLEY v. TUCKER (two cases).

(Circuit Court of Appeals, Fourth Circuit. June 15, 1925.)

Nos. 2353, 2366.

Bankruptcy ⬤143(10) — Wills ⬤674 — Life interest of bankrupt under trust held to pass to his trustee; will held not to create spendthrift trust.

Under the law of Maryland, a will which left property in trust, income to be paid in equal parts to six children during their lifetime, or to issue of any child who should die before termination of the trust, with remainder over after the death of the last child, "the payments to be made by the trustees into the hands of him or her as the case may be personally," *held* not to create a spendthrift trust, and life interest of one of the sons passed to his trustee in bankruptcy.

Petition to Superintend and Revise, in Matter of Law, Proceedings of and Appeal from the District Court of the United States for the District of Maryland, at Baltimore; Morris A. Soper, Judge.

In the matter of the estate of Hiram G. Dudley, Jr., bankrupt. Decree of District Court (3 F. [2d] 832) for Charles E. Tucker, trustee, and bankrupt brings petition to superintend and revise and appeals. Appeal dismissed, and judgment affirmed.

Edward L. Ward, of Baltimore, Md., for petitioner and appellant.

Isaac Lobe Straus, of Baltimore, Md., for respondent and appellee.

Before WADDILL and ROSE, Circuit Judges, and GRONER, District Judge.

WADDILL, Circuit Judge. These two proceedings involve the correctness of the decision of the District Court for the District of Maryland, dated January 31, 1925, rendered in the case of Hiram G. Dudley, Jr., bankrupt, pending therein. The first-named case, No. 2353, is a petition to superintend and revise in matter of law proceedings in the cause, and No. 2366 is an appeal

from the decision rendered therein by the District Court.

The bankrupt is the son of the late Hiram G. Dudley, of Baltimore, whose will was admitted to probate in the orphans' court in said city on January 16, 1919. The testator died possessed of an estate worth between $500,000, and $600,000, which he disposed of by creating a trust estate for the benefit of his six children for life, with remainder over. On the 23d of July, 1924, the bankrupt filed his voluntary petition in bankruptcy, and in Schedule B–4 set forth that—

"Under the terms of the will of his father, Hiram G. Dudley, deceased, a spendthrift trust was created in one-sixth of the income of his estate for his life, and then for the benefit of his children, if no children then to his brothers and sisters or their children at his death. That he has two infant children living. He claimed this income under the spendthrift trust created by his father's will was of no value to his estate and exempt by law."

The real question thus presented for determination by the District Court was whether or not, under the will of the late Hiram G. Dudley, the life interest bequeathed to the bankrupt became subjected to the payment of his debts, or was, under the alleged spendthrift clause, protected therefrom.

The specific language of the will by which it is claimed the trust was created is as follows: "To divide and pay over semiannually during the continuance of the trust, the net rents, profits, issues and income to my children in equal shares and portions, the payments to be made by the trustees into the hands of him or her as the same may be, personally."

The pleadings and proofs in the District Court sharply present this question, and that court, in an elaborate and comprehensive opinion, decided that, while under the law of the state of Maryland it was competent for a testator to make provision by his last will and testament against the payment of bequests thereunder to creditors of his beneficiaries, by what is commonly known as a "spendthrift trust," under the will in question such a trust was not validly created; that neither by the language quoted nor from the entire provisions of the will was such a trust created or exemption made.

After careful consideration, we find ourselves in full accord with the conclusion of the District Court as reported in 3 F.(2d) 832, and refer to and adopt the same, as it ably and clearly covers the case, and to which we do not wish to add.

It follows that, the case being here properly on a petition to superintend and revise, the appeal is dismissed, and the judgment of the District Court in the matter brought up for review, is affirmed.

Case No. 2353 affirmed.

Case No. 2366 dismissed.