In the Matter of the Estate of HENRY ROSENBERG, Deceased.

Surrogate's Court, New York County, August 21, 1934.

*Nathan Lieberman,* for the petitioner.

*Martin Conboy, United States Attorney for the Southern District of New York [ Nicholas Atlas, Assistant United States Attorney,* of counsel], for the Federal government.

*White & Case,* for Leslie Lester, receiver.

*Bandler, Haas & Collins,* for the trustees.

FOLEY, S. This is an application by the beneficiary of a trust to compel the payment to him of the trust income. Judgments aggregating some $30,000 have been recovered and a receiver in supplementary proceedings has been appointed by the City Court. Having a claim for unpaid income taxes and penalties, the Federal government has filed a lien against all of the petitioner's property in accordance with section 115 of title 26 of the United States Code

Annotated, and article 10-A of the Lien Law of this State. The receivership has been extended to include the claim of the Federal government for unpaid taxes and penalties.

It is contended on behalf of the Federal government that the tax lien extends to all of the petitioner's property, including the income from the trust created by the will of the decedent.

The trust created is within the scope of section 15 of the Personal Property Law and section 103 of the Real Property Law, and the income therefrom is not alienable by the beneficiary. The income from a trust of this nature cannot be reached by judgment creditors except as to ten per cent thereof by the special garnishee execution under section 684 of the Civil Practice Act, or by an action in equity to impound the surplus income. The exemption from execution of the income from a spendthrift trust has been considered as part of the public policy of this State.

The question involved is not one of priority of the United States government over other creditors of the petitioner, but whether the government can reach property to satisfy its claim which cannot be reached by any other creditor. An exhaustive search of the authorities has failed to disclose any case in which the government satisfied its claim for unpaid taxes from the income of a spendthrift trust. The absence of a reported case on this point leads to the conclusion that the Federal government has no authority to levy upon or seize the income from a trust, or that it has never chosen to do so. If the latter conclusion is correct, it would appear that the policy of the Federal government is in accordance with the statutes of this State. Had the government obtained a judgment against the petitioner in the United States District Court, the judgment would have the same effect in operation as a lien on the petitioner's property as a judgment obtained by any other creditor in the Supreme Court of New York county. ( *United States* v. *Harpootlian*, 24 F. [2d] 646.) It would seem to follow that if the government could not collect a judgment for unpaid taxes from the income of the trust except in the manner prescribed by our statutes, the mere assertion of a lien on the income is no bar to a granting of this application. I hold, therefore, that the tax lien asserted by the United States government does not extend to the income from the trust created by the will of the decedent.

In view of the fact that the beneficiary has consented that ten per cent of the income may be paid to the receiver appointed by the City Court, the order to be submitted may provide for the payment of ninety per cent of the income, accrued and accruing, to the petitioner.