## UNITED STATES v. GUARANTY TRUST CO. OF NEW YORK et al.

### No. 294.

Circuit Court of Appeals, Second Circuit.

April 1, 1935.

Martin Conboy, U. S. Atty., of New York City (Martin Conboy, of New York City, and David W. Wainhouse, of Mt. Vernon, N. Y., of counsel), for complainant-appellant.

Nathan Lieberman, of New York City, for defendant-appellee Jerome Rosenberg.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

One Henry Rosenberg left a will admitted to probate in the Surrogates' Court of New York County, on March 17, 1923, under which the testator created three equal trusts in his residuary estate. The principal of one of them was devised and bequeathed by the testator to Guaranty Trust Company of New York and George J. Baumann as trustees "to invest, reinvest and keep same invested, to collect the interest, rents, issues and profits thereof, and to pay the net income thereof to my son Jerome Rosenberg during his lifetime, in quarterly instalments, if possible." There was an executory devise of the principal of the trust conditioned upon the death of the life beneficiary. The annual income payable to Jerome Rosenberg from the trust amounted to about $3,000. Judgments against him were entered in the New York courts amounting to about $30,000, and a receiver was appointed in supplementary proceedings in the City Court of the City of New York on behalf of one of the judgment-creditors on April 24, 1930, and the receivership order was subsequently extended so as to include other judgment-creditors. Rosenberg was indebted to the United States for unpaid income taxes and penalties embracing the years 1920, 1923, 1924, 1925, 1926, 1927, and 1928 in more than the sum of $12,000. Lien notices covering these taxes were filed pursuant to statute in the office of the clerk of the United States District Court and with the register of New York county, but no part of the taxes was paid.

In May, 1934, the trustees refused to turn over to Rosenberg certain of the income of the trust which they held to his credit; whereupon he applied to the Surrogate's Court, New York County, for an adjudication of his rights and prayed that the trustees be ordered to pay the income to himself. The motion papers in that application were served upon the attorneys for the receiver in supplementary proceedings, but not upon the United States of America, or its attorney. Nevertheless the government appeared on the return day by an Assistant United States Attorney, filed affidavits and briefs in opposition to the application of Rosenberg, and in the papers which it submitted requested the Surrogate to decree that the income from the trust be used to pay the taxes due the United States for which lien notices had been filed, and prayed that the trustees be directed to turn over the same to it.

Under these circumstances, Surrogate Foley filed an opinion In re Rosenberg's Es-

tate, 153 Misc. 46, 274 N. Y. S. 482, in which he held that the income of the trust was under the New York law not alienable by the beneficiary and could not be reached by judgment creditors except as to 10 per cent. thereof through a special garnishee execution under section 684 of the New York Civil Practice Act, or by a suit in equity to impound the surplus income. He held that in view of the statutory exemption under the state law neither by means of a judgment nor by the assertion of a tax lien could the United States obtain relief. An order was entered in the Surrogate's Court in conformity with Judge Foley's opinion directing the payment of 90 per cent. of the income of the trust held by the trustees to Jerome Rosenberg and 10 per cent. to the receiver.

After the foregoing disposition of the matter, the United States filed a bill in the District Court for the Southern District of New York setting forth that Jerome Rosenberg was indebted on account of the income taxes above mentioned; that notices of lien had been filed pursuant to statute; and that no part of the tax had been paid. The bill prayed that the trustees be enjoined by a temporary restraining order, preliminary injunction, and final decree from paying any part of the income of the trust except to the United States, and that Rosenberg likewise be enjoined from executing the order entered in the Surrogate's Court directing payment to him of the income of the trust, and that the trustees be ordered to pay the same to the United States in discharge of its liens.

Upon the filing of the bill, the United States Attorney moved on affidavits for a preliminary injunction in conformity therewith which was opposed by the attorney for Jerome Rosenberg in an affidavit setting forth the opinion and order of the Surrogate and stating that the United States Attorney represented the government on the hearing of the motion in the Surrogate's Court. The motion for a preliminary injunction was followed by a cross-motion on behalf of Rosenberg asking that the bill of complaint be dismissed. This cross-motion was upon an affidavit of Rosenberg's attorney and one by himself. He swore that:

"The United States Government was not served with any citation but voluntarily appeared on the return of that application by one of the Assistant United States Attorneys, and after oral argument, submitted affidavits and briefs in opposition to depo-

nent's motion and requested that the Trustees be directed to pay the said fund to the United States Government for taxes due it from deponent.

"Mr. Surrogate Foley granted deponent's motion and held that the United States Government is not entitled to any part of the income from the trust fund, as appears from a lengthy opinion of the Surrogate, a copy of which opinion is annexed hereto.

"Thereafter, and on September 1, 1934, an order was entered in the Surrogates Court directing the Trustees to pay the income to deponent."

Wainhouse, the Assistant United States Attorney in charge of the matter, filed an affidavit in opposition to the cross-motion, in which he stated that: "The presence of an Assistant United States Attorney to draw to the Surrogate's attention the existence of a United States lien against the income of a trust fund under the jurisdiction of the Court is not an appearance within the meaning of sections 41 and 63 of the Surrogate's Court Act. The affidavit and the memorandum of law were presented to the Surrogate by the Assistant United States Attorney in accordance with a practice usually followed in cases where the United States has a property interest in a controversy before the State Courts."

It is to be noted that there was no claim that the United States appeared specially in the proceeding. Judge Foley's order recited that he heard "Martin Conboy, Esq., (Nicholas Atlas, of counsel) in opposition" to the application of Rosenberg for payment of the income, and it was stated on behalf of the government at the time of argument that an appeal had been taken from the order of Surrogate Foley and that his order had been affirmed. We must, therefore, assume that the government appeared in the Surrogate's Court, asked that the income claimed by Rosenberg be applied in satisfaction of tax liens which it had sought to impose, and was denied relief. Under such circumstances it is not open to us to consider whether the state courts were right in determining that the lien claimed by the United States was precluded by an exemption granted under the New York law. This question was carefully considered by one of the most learned and experienced judges of the state of New York and is res judicata as to the question raised in the present suit unless finally reversed on appeal. The gov-

ernment argues that the issues in the two proceedings were different. We can discover no basis for a distinction. The District Court was, therefore, right in denying the motion for a preliminary injunction.

It was suggested on the argument that whatever be the merits of the case the bill should not have been dismissed because the proceedings in the Surrogate's Court were not set forth on the face of the bill. But they were set forth in the affidavits upon the motion to dismiss and we do not understand that the complainant's version of what occurred is disputed or that the general appearance of the United States Attorney and his attempt to have the income of the trust applied to the satisfaction of the taxes due from Rosenberg are denied. In such circumstances, with the defense of res judicata established on the undisputed facts, it would have been folly to prolong the litigation and the District Judge properly dismissed the bill. Mast, Foos & Co. v. Stover Mfg. Co., 177 U. S. 485, 495, 20 S. Ct. 708, 44 L. Ed. 856.

The order is affirmed.