JACK L. MEDWEDEFF *v.* LOUIS FISHER ET AL.

[No. 63, October Term, 1940.]

*Decided January 3rd, 1941.*

The cause was argued before BOND, C. J. PARKE, SLOAN, MITCHELL, JOHNSON, and DELAPLAINE, JJ.

*Irving B. Grandberg* and *Samuel J. Freedman,* for the appellant.

*J. Paul Schmidt*, with whom were *Ellis Levin* and *Allan Eli Cohen* on the brief, for the appellees.

SLOAN, J., delivered the opinion of the Court.

Annie Fisher died October 4th, 1929, leaving a will, whereby she left the residue of her estate in trust for her eight children and the three children of a deceased son. The portions of the will with which we are here concerned are:

"A one-ninth equal share to Louis Fisher, to Sadie Brill, to Kate Gerwitz, to Michael Fisher, to Dena Greenberg, to Zelma Fisher, to David Fisher and to Benjamin Fisher, and one-ninth to the three children of my lamented son Samuel Fisher, or the survivor of said three children, all of which shares are subject, however, to the terms and conditions of the trust estate imposed on each such share. In case of any one or more of my children shall die then his share so held in trust shall be paid to his child or children, and in case any child shall predecease me, leaving no legitimate children, or in case any child shall die, during the existence of said trust intestate, and leaving no legitimate issue, then his or her share shall be equally divided among the eight survivors or less number of survivors, as the case may be."

"I direct that all moneys paid to any beneficiary shall be paid into his or her hands and not into the hands of any other howsoever claiming, and without the right of anticipation, and that distribution of income shall be made quarterly beginning three months after my death, if that be possible.

"I direct that after the stating of the administration account all properties and money belonging to each of my eight children and to the surviving children of my deceased son Samuel, shall be turned over to the trustees hereinafter named, who shall hold the property under the terms, conditions and powers hereinafter imposed.

"It is my will, wish and desire, that none of my children or the three grand-children, children of said Samuel Fisher, or the survivor of them shall at any time suffer

want, and my said executors and trustees are hereby empowered to pay over, as and when such majority of them shall so determine in writing to each such beneficiary, a sum not exceeding Five Thousand Dollars ($5000) in any one year, during the existence of the trust estate, said withdrawals to be deducted from the corpus of the estate accruing to each such child, but no one or more child or children is to have the right to require this money, as his, her or their right. However I especially caution my children to be as liberal in treatment of each such demand as I would have been if living, and to be and to act as loving and as forgiving as I have been to each and all of them."

"I direct that the trust hereby created shall not be administered under the direction of a court of equity, and that the life of the trust shall be ten years, but it may be extended further by unanimous consent of the beneficiaries, provided that the distributive shares of the surviving child or children of my deceased son, Samuel, as provided by this Will, and likewise the shares of any minor child or children of any of my said children, who shall die during the existence of this trust (lasting not less than ten years) shall be subject not only to the terms and conditions of the trust as herein set forth, but shall be kept for him, her or them as the case may be, by my said trustees, until such male child shall reach the age of eighteen years and until such female child shall reach the age of twenty-one years.

"I name as Executors and as Trustees of this my Will, my eight surviving children, as follows: Louis Fisher, Sadie Brill, Katie Gerwitz, Michael Fisher, Dena Greenberg, Zelma Fisher, David Fisher and Benjamin Fisher or the survivors of them, but only to such of them as will accept the terms of and agree to abide by the terms and conditions of this my Will, provided that they shall give a joint and several corporation bond in amount not to exceed Two Thousand Dollars, as executors, and Five Thousand Dollars as Trustees, and provided further that upon the decision of a majority of them, any one or more

may resign and retire from the trust herein bestowed on them in favor of a trust company of this City.

"All transactions of the trustees in connection with and concerning this trust, including making of leases, sale and resale of property, change of investment, payment of installments to any heir as a part of his corpus, as hereinbefore set forth, shall be taken by all said executors or Trustees at a meeting or meetings, by agreement of a majority thereof in writing. If it be not possible to procure the action of a majority of said trustees after due notice to all, then five may act, and a majority of them shall control. In the event of a tie vote on any matter or transaction, the same shall be submitted in arbitration to Jeannette Fisher, now widow of Samuel Fisher, for her decision as umpire, and her decision in the premises shall be final."

In addition, the trustees were given power to sell and resell, invest and reinvest and change investments as often and in such manner as they may from time to time deem advisable.

One of the trustees and beneficiaries, David Fisher, was, on June 28th, 1938, adjudicated a brankrupt, and the plaintiff, Jack L. Medwedeff, was appointed his trustee in bankruptcy. Medwedeff has filed a bill of complaint praying the construction of the will "to determine (1) the interest, if any, of David Fisher in the estate of Annie Fisher, which became an asset of the trustee in bankruptcy," (2) whether or not a valid spendthrift trust has been created; (3) if valid, whether it applies to income, principal or corpus, or to the remainder of the estate after the expiration of the trust period.

As to the first point mentioned, it depends on whether it is a spendthrift trust applying to income and corpus alike.

There can be no doubt, under the decisions in this State from *Smith v. Towers*, 1888, 69 Md. 75, 14 A. 497, 15 A. 92, 9 *Am. Se. Rep.* 398, to date, that the language of this will: "I direct that all moneys paid to any beneficiary shall be paid into his or her hands and not into

the hands of any other howsoever claiming, and without the right of anticipation," creates a spendthrift trust, which the beneficiary cannot assign, nor any of their creditors disturb. *Maryland Grange Agency v. Lee,* 72 Md. 161, 19 A. 534; *Reid v. Safe-Deposit & Trust Co.,* 86 Md. 464, 38 A. 899; *Jackson Square Loan & Savings Assn. v. Bartlett,* 95 Md. 661, 53 A. 426; *Safe Deposit & Trust Co. v. Independent Brewing Assn.,* 127 Md. 463, 96 A. 617; *Johnson v. Stringer,* 158 Md. 315, 148 A. 447; *Michaelson v. Sokolove,* 169 Md. 529, 182 A. 458; *Bauren-schmidt v. Safe Deposit & Trust Co.,* 176 Md. 351, 4 A. 2nd 712. Compare *Baker v. Keiser,* 75 Md. 332, 23 A. 735; *Wenzel v. Powder,* 100 Md. 36, 59 A. 194, 108 *Am. St. Rep.* 380; *Houghton v. Tiffany,* 116 Md. 655, 82 A. 831. It has been held that this principle applies to the corpus, as well as income. *Plitt v. Yakel,* 129 Md. 464, 99 A. 669; *Houghton v. Tiffany, supra.* In the *Bauern-schmidt* case, 176 Md. 351, 4 A. 2nd 712, the distinction between corpus and income did not arise, as the attachment was laid in the hands of the garnishee, trustee, on any funds of the defendant. One of the trusts covered income only, the other "that the said trust estates and the income therefrom are not to be taken in execution or attachment or otherwise; and the said beneficiaries shall not pledge or anticipate said trust estates or the income thereof," and we there held "the meaning and effect of these trusts" is "to declare that they are spendthrift trusts, not subject to attachment, execution, assignment or anticipation," and we so hold here. That our decisions are so regarded elsewhere is evidenced by the case of *Suskin & Berry v. Rumley,* 37 Fed. 2nd 304, 307, 68 A. L. R. 768, a bankruptcy case, where, in an opinion by Judge Parker, it was said: "But there is another reason why, under the law of Maryland, the interest or expectancy of bankrupt in the trust estate could not have been transferred by him or levied upon and sold under judicial proceess against him; and that is that the will creating the trust estate specifically provides that the 'income and ultimately the principal thereof' shall be

paid over to the respective beneficiaries and to no one else, and that 'no beneficiary shall be entitled at any time to alienate, anticipate or encumber, his, her or their share of the income or principal, and that the same shall not be liable to be taken or attached for his, her or their debts.' There can be no question that this creates a valid spendthrift trust under the laws of Maryland, and that no interest in the property * * * can be aliened or transferred by any beneficiary or reached in satisfaction of his debts." *Erickson v. Erickson,* 197 Minn. 71, 266 N. W. 161, 267 N. W. 426; *Haskel v. Haskel,* 234 Mass. 442, 125 N. E. 601; *Boston Safe Deposit & T. Co. v. Collier,* 222 Mass. 390, 111 N. E. 163; *Lathrop v. Merrill,* 207 Mass. 692 N. E. 1019; *State Street Trust Co. v. Kissel,* 302 Mass. 328, 19 N. E. 2nd 25; *Allen v. Tate,* 6 Fed. 2nd 139, holding that the decision of the Federal Court depended upon the law of Pennsylvania; 119 *A. L. R.* 30; *Sheridan v. Krause,* 161 Va. 873, 172 S. E. 508, 91 *A. L. R.* 1084; *A. L. I. Restatement, Trusts,* sec. 153.

Although we are aware that in most jurisdictions the corpus of a trust cannot be subjected to a spendthrift clause, we still adhere to the rule in this state that this can be done, even though principal and income are payable to the same beneficiary.

On September 22nd, 1939, the eight trustees and beneficiaries, including the defendant, David Fisher, by an instrument in writing, filed and recorded in the office of the Register of Wills of Baltimore City, extended the life of the trust three years to October 2nd, 1942. The appellant contends, that this could not be done without his consent, as trustee for David Fisher. This assumes that the estate was alienable, and therefore subject to attachment or execution, under the U. S. Bankruptcy Act, Section 70, sub. a (5), 11 U. S. C. A. sec. 110, sub. a (5), whereby he would become vested with the bankrupt's title, and that under sub-section 3 he would succeed to the "powers which he might have exercised for his own benefit, but not those which he might have exer-

cised solely for some other person." In this there was no single control; they all had to concur or the trust ended automatically at the end of ten years on October 2nd, 1939. For the term of ten years nothing but her will could speak. She even provided for the succession of one or more who "may resign and retire from the trust."

The only provision for advances was that sums not to exceed $5000 "in any one year, during the existence of the trust estate, said withdrawals to be deducted from the corpus of the estate accruing to each such child, but no one or more child or children is to have the right to require this money, as his, her or their right," provided a majority of the trustees so determined "in writing to each such beneficiary," and all moneys so paid "shall be paid into his or her hands" etc.

The appellant also contends that the extension of three years is not valid because signed only by the eight beneficiaries who were trustees, and not by Jeannette Fisher, widow of Samuel and guardian of their three infant children. They had been settled with under the direction and order of the Circuit Court, and whether their consent was necessary there is no need to discuss. The extension was executed a few days before the expiration of the ten year period, which did not expire until more than fifteen months after the bankruptcy. We have declared this trust to have been valid, and in force at the time of the adjudication, and it made no difference whether it expired the next day or the next year.

This holding of a valid trust answers every other question raised by the appellant.

*Decree affirmed, with costs.*