**MERCANTILE TRUST CO. v. HOFFER BERT, Collector of Internal Revenue.**

No. 2302.

District Court, D. Maryland.

Dec. 21, 1944.

Armstrong, Machen, Allen & Eney, of Baltimore, Md. (Arthur W. Machen and Alex Gordon, III, both of Baltimore, Md.), for plaintiff.

Bernard J. Flynn, U. S. Atty., of Baltimore, Md., Samuel O. Clark, Jr., Asst. Atty. Gen., and Andrew D. Sharpe and Frederic G. Rita, Sp. Assts. to Atty. Gen., for defendant.

CHESNUT, District Judge.

The substantial question in this case is whether income payable· to a beneficiary under a Maryland spendthrift trust may be subjected to a claim of the federal government for income taxes due from the beneficiary, while the income is still in the hands of the trustee before payment to the beneficiary. The question is presented by a motion to dismiss the trustee's complaint in this court against the Collector of Internal Revenue to quash or vacate notices of lien and levy and warrants of distraint laid by the Collector in the hands of the trustee, and to enjoin the Collector from further proceedings to enforce collection of the taxes. The motion to dismiss is based on three separate points:

(1) That the complaint fails to state facts sufficient to constitute a cause of action; (2) that the plaintiff has an adequate remedy at law and (3) that the court is without jurisdiction of the subject matter under the express provisions of section 3653 of the Internal Revenue Code, 26 U.S.C.A.Int.Rev.Code § 3653, which prohibits the maintenance of any suit to restrain the collection of an internal revenue tax. The substance of the complaint may be briefly stated.

Mary K. Findlay, the mother of the income taxpayer, John V. L. Findlay, died January 8, 1939, leaving a will which was probated in the Orphans Court of Baltimore City. In it the testatrix gave to the Mercantile Trust Company of Baltimore as Trustee, a certain fund in trust to pay the net income arising therefrom to her son, John V. L. Findlay, during the term of his natural life, in monthly instalments, "his receipt alone to be a sufficient acquittance therefor".

The provisions of the will, a copy of which was filed with the complaint, were ambiguous and uncertain in application with respect to the composition and amount of the trust fund, and therefore required judicial construction to determine the respective rights of the life beneficiary and the residuary legatee under the will. Thereupon the plaintiff, as executor and trustee under the will, instituted a proceeding in the Circuit Court No. 2 of Baltimore City, a Maryland State Court, to which all persons having any interest under the will were made parties. Pending the proceeding the parties reached a compromise agreement which was carried out and made effective by decree of the court by which (1) the court assumed jurisdiction of the completion of the administration of the trust created by the will, all further actions of the trustee to be subject to the approval and supervision of the court; (2) the amount and composition of the trust fund was stated; and (3) the executor was directed to forthwith transfer and pay over to itself as trustee the securities and cash constituting the trust fund, and "that said trustee shall pay the net income therefrom in monthly instalments to the defendant, John V. L. Findlay, during his life, *and not into the hands of any other person, whether claiming by his authority or otherwise*" (italics supplied), and (4) that the court retain jurisdiction for the purpose of supervising the

administration of the trust and for the purpose of deciding any questions which may arise in the course thereof.

On July 1, 1944, the Collector laid in the hands of the trustee a notice of lien and levy advising that there was due and owing from the said John V. L. Findlay the sum of $1158.61 federal income taxes for the years 1941, 42 and 43, and notifying the trustee that "the property, rights to property, moneys, credits and/or bank deposits then in the plaintiff's possession and belonging to the said Findlay, and all sums of money owing from the plaintiff to the said Findlay were thereby seized and levied upon for payment of the said tax, and demand was made upon the plaintiff for payment of the said sum of $1,-158.61 or for such lesser sum as the plaintiff might be indebted to the said Findlay". On the same day the Collector served upon the plaintiff copy of the tax levy for about the same amount; and again on the same day the Collector served upon the plaintiff three warrants of distraint to satisfy the income taxes due. On the 2nd day of August 1944, the Collector again caused the aforementioned notice of levy, lien and distraint to be served on the plaintiff.

On these facts the bill sets up the legal contention that the will of Mary K. Findlay as construed by the decree of the State Court constituted a "spendthrift trust for the benefit of the taxpayer, John V. L. Findlay, and therefore the income arising therefrom is not subject to attachment or distress levied against Findlay and laid in the hands of the trustee". In this connection attention is called to decisions of the Court of Appeals of Maryland that the income from a spendthrift trust cannot validly be subjected to the claims of creditors. And the complaint further alleges that under the decree of the State Court the trustee is prohibited from paying the income from the trust estate except to the beneficiary and if the trustee otherwise pays it over to the Collector, the trustee would be in contempt of the decree of the State Court. It is then alleged that the Collector's proper remedy is to file his claim in the State Court and not levy on the fund in the hands of the trustee. In effect the complaint takes the position that the accrued income payable in due course to the beneficiary is not property of the beneficiary until it is in fact paid to him by the trustee. The complaint further states that the trustee had in its possession accrued income payable to the beneficiary in the amount of $449.50 on July 1, 1944, and has further received similarly payable income in the amount of $555.38 up to the time of filing the complaint on August 9, 1944.

█ It may be observed that, before the decree of the State Court, it is doubtful whether the language in Mrs. Findlay's will was sufficient to create a spendthrift trust. Quite similar wording was held insufficient for that purpose by Judge Soper as District Judge in Re Dudley's Estate, D.C., 3 F.2d 832, affirmed Dudley v. Tucker, 4 Cir., 7 F.2d 118; but the will of Mrs. Findlay as a whole, there being no similar wording as to the payment of income in other trusts, was thought to create an ambiguity. The decree of the State Court was the result of a family compromise approved by the court. As the jurisdiction of this court is not based on diverse citizenship (Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R 1487) but on a federal question, and as the government was not a party to the State Court case, there might have been some question whether the language of the decree construing the will as a spendthrift trust, is conclusive here as *res adjudicata* of the question. But there is no contention by counsel for the defendant that the decree of the State Court was collusive, and I take it that it must be considered binding here. Blair v. Commissioner, 300 U.S. 5, 57 S.Ct. 330, 81 L.Ed. 465.

The statutory authority for the Collector's action is to be found in the Internal Revenue Code, 26 U.S.C.A. §§ 3670, 3678 and 3690 and 3692. Section 3670 reads as follows:

"Sec. 3670. Property subject to lien.

"If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, penalty, additional amount, or addition to such tax, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person."

Section 3678 authorizes suit to enforce the lien of the United States for taxes, all persons having interest in the property to be made parties. Section 3690 provides that if any person liable to pay taxes neglects or refuses to pay the same within

ten days after notice and demand, the Collector may collect the taxes with interest by distraint and sale of the goods, chattels or effects including stock, securities, bank accounts and evidences of debt of the delinquent taxpayer. And section 3710 further provides that any person in possession of property or rights to property subject to distraint upon which levy has been made shall upon demand by the Collector surrender the property or rights to the Collector, and on failure to do so such person shall be personally liable to the United States in a sum equal to the value of the property or rights not so surrendered but not exceeding the amount of the tax (including penalty and interest).

After hearing the arguments of counsel, and consideration of their excellent briefs, I have reached the conclusion that the *income* under the spendthrift trust in the hands of the trustee and payable to the beneficiary, when the notices of lien and levy were given, may validly be subjected to the claim of the government for the unpaid taxes.

 There is a large volume of judicial decisions with respect to the validity of spendthrift trusts in general, and the extent to which, if at all, they can be subjected to the valid claims of creditors or other persons having lawful demands upon the beneficiary. A spendthrift trust is in the nature of a restraint upon alienation. In the English courts it was decided more than a hundred years ago that the restraint upon alienation similar to that in a spendthrift trust was invalid. In this country wide attention to the particular subject was first attracted in 1875 by the case of Nichols v. Eaton, 91 U.S. 716, 23 L.Ed. 254, in which the opinion by Mr. Justice Miller stated the view that the restraint, in view of our general recording statutes giving notice to creditors, should not be held invalid as a matter of public policy. Subsequently a considerable number of State Court decisions have followed to the same effect; and in still other States, the subject matter is controlled by statutes. In Maryland the first case dealing directly with the validity of a spendthrift trust is Smith v. Towers, 1888, 69 Md. 77, 14 A. 497, 15 A. 92, 9 Am.St.Rep. 398. It upheld the validity of the trust as against creditors of the beneficiary although with a strong dissent by Chief Judge Alvey and Judge Bryan. In numerous subsequent cases the court has adhered to the same position,

the most recent decisions being Bauernschmidt v. Safe Deposit & Trust Co. of Baltimore, 176 Md. 351, 4 A.2d 712, and Medwedeff v. Fisher, 179 Md. 192, 17 A. 2d 141, 138 A.L.R. 1313.

In some of the States where the spendthrift trust is held valid as against creditors, the income of the beneficiary may nevertheless be subjected to the valid claims of particular classes of persons especially the wife or children of the beneficiary; but there is yet no such Maryland decision. See Bauernschmidt v. Safe Deposit & Trust Co., supra; Vol. 4, Md. Law Rev. pp. 417–423. In A.L.I. Restatement of Trusts, § 157, p. 389, it is stated—

"Sec. 157. Particular Classes of Claimants. Although a trust is a spendthrift trust or a trust for support, the interest of the beneficiary can be reached in satisfaction of an enforceable claim against the beneficiary,

"(a) by the wife or child of the beneficiary for support, or by the wife for alimony;

"(b) for necessary services rendered to the beneficiary or necessary supplies furnished to him;

"(c) for services rendered and materials furnished which preserve or benefit the interest of the beneficiary."

See also Griswold, Spendthrift Trusts, c. 5, p. 289; Scott on Trusts, Vol. I, § 157.

It has been held that the beneficiary's interest in a spendthrift trust, as to both principal and income, does not pass to his trustee in bankruptcy where the spendthrift trust is valid by the applicable State decisions. But this results from the particular provisions of the Bankruptcy Act which give the trustee in bankruptcy no greater rights than the bankrupt himself possessed. Eaton v. Boston Safe Deposit & Trust Co., 240 U.S. 427, 36 S.Ct. 391, 60 L.Ed. 723; Medwedeff v. Fisher, 179 Md. 192, 196, 17 A.2d 141, 138 A.L.R. 1313; Suskin & Berry v. Rumley, 4 Cir., 37 F.2d 304, 68 A.L.R. 768.

There have been only a very few judicial decisions dealing with the enforceability of federal tax claims against the income from a spendthrift trust. The first and still the leading case upon the subject is In re Rosenberg's Will, 269 N.Y. 247, 199 N.E. 206, 105 A.L.R. 1238, certiorari denied Rosenberg v. United States, 298 U.S. 669, 56 S.Ct. 834, 80 L.Ed. 1392. There, a New York statute exempted 90 per cent

of the spendthrift trust income from the claims of creditors, but the court held that the whole income was subject to the claims of the United States under the same federal statute here relied on (section 3670). See also United States v. Guaranty Trust Co., 2 Cir., 76 F.2d 747. In United States v. City of Greenville, 4 Cir., 118 F.2d 963, 965, in speaking of a claim of the government for income taxes, Judge Parker said: "Nor can it be affected by homestead, spendthrift trust or stock transfer acts of the states", citing among other cases the Rosenberg case, supra. In United States v. Canfield, D.C.Cal., 29 F.Supp. 734, the taxpayer, one Canfield, was the beneficiary of a spendthrift trust which was held reachable by the United States. The Rosenberg case was again cited favorably for the proposition. A state statute was again involved. See Canfield v. Security-First National Bank, 13 Cal.2d 1, 12, 87 P.2d 830, 831. United States v. Dallas Nat. Bank, D.C.Tex., 56 F.Supp. 181, is apparently to the contrary, but it will be noted from the brief opinion that the question was also complicated by the apparent invalidity of the tax assessment. Counsel inform me that the case is now pending on appeal. With the exception of this last mentioned case, there seems to be no prior reported judicial decision with respect to the impact of federal taxes on a spendthrift trust valid under the State law unaffected by a State statute. The reasons which have actuated some courts, as in Maryland, to uphold spendthrift trusts against the claims of creditors do not necessarily apply to tax claims of the government either federal or State. Griswold, supra, § 342, p. 302. The public policy involved is quite different. In the one case the donor of the property has the right to protect the beneficiary against his own voluntary improvident or financial misfortune; but in the other the public interest is directly affected with respect to collection of taxes for the support of the government. The imposition of the tax burden is not voluntary by the beneficiary. In a sense the property itself incurs the tax; or rather the property is held *cum onere*.

■ Counsel for the plaintiff concedes the correctness of the decision in the Rosenberg case and others that have followed it where state exemption statutes were involved, but contends they do not apply to the instant case where the spendthrift trust was created by the voluntary will of the donor. It is said that in the latter case a rule of property is involved, entirely separate and apart from any statute; and that in making the gift the donor had the absolute right to impose limitations on the application of the income. See State of Tennessee v. Caldwell, Tenn. Sup., 178 S.W.2d 624, 151 A.L.R. 1410, 1422. But I am unable to concur in the soundness of the distinction sought to be made. Public policy is the determining factor whether the restraint on alienation involved in a spendthrift trust is upheld by statute or judicial decision. In the one case the public policy is expressed by the Legislature of the State and the other by its courts. If, as is conceded, the public policy of the State expressed in a statute must yield to federal taxes, so also must trust instruments created by a donor. In many States spendthrift trusts are not validated either by judicial decision or by statute; but federal income taxes are intended to be uniform in their application throughout the Nation. See Lyeth v. Hoey, 305 U.S. 188, 59 S.Ct. 155, 83 L.Ed. 119, 119 A.L.R. 410. The invalidity of the attempted distinction between the effect of statutes and judicial decisions is aptly expressed by Professor Griswold in his text book on Spendthrift Trusts, p. 306, as follows:

"Again, the Rosenberg case involves an interest made inalienable by a statute rather than as a result of an express provision in the terms of the trust. But the same result should follow in either case. In either event, spendthrift trusts exist because of policy and not because of logic. If the policy declared by the legislature yields to a claim for taxes, the declarations of the settlor should be no more effective. In the quotation from the Rosenberg opinion set out above, the court refers to the New York statutory restraint as an exemption law. This was in accordance with previous decisions in New York. The consequence is no different if the exemption is obtained from the terms of the trust rather than from statute. The state is not an ordinary creditor, and its claims should not be made dependent on the will of a former owner of the property.

"Subject to such general exemptions as the state sees fit to grant to all taxpayers, all property should be equally subject to

tax claims. There is no reason for granting to the beneficiaries of trusts an immunity not shared by the other owners of property."

See also for somewhat analogous situations in which the government is entitled to reach the income from a spendthrift's trust, Griswold, §§ 343, 344, and Scott on Trusts, Vol. I, s. 157.4.

■ Counsel for the plaintiff also argues that the notices of levy, lien and distraint should be vacated because the spendthrift trust constitutes property now in *custodia legis* by the State Court. This proposition is at least doubtful. Commonwealth Trust Co. v. Bradford, 297 U.S. 613, 56 S.Ct. 600, 80 L.Ed. 920; Hinkley v. Art Students League, 4 Cir., 37 F.2d 225. Compare United States v. Swink, D. C.Va., 41 F.Supp. 98. It is also contended that if the plaintiff trustee yields to the Collector's demand and pays the accrued income to the Collector it will subject itself to contempt proceedings in the State Court. On this premise it is argued that the proper procedure for the Collector is to petition the State Court for an order on the trustee to honor the government's claim for the taxes. No doubt the latter procedure is now permissible after the Collector has made the levy and distraint, and I am inclined to think that would be the preferable course in this case. Similar action seems to have been taken by the Collector in the Rosenberg case, supra. But however that may be, I think there is no warrant here for vacating the Collector's notice of levy, lien and distraint. Indeed that procedure seems to be a condition precedent to the enforced collection of the tax hereafter, whether by petition to the State Court or by proceedings in this court under the federal statutes above referred to. Nor is there any necessity to vacate the Collector's notices to enable the trustee to avoid a possible conflict of State and federal authority. The Collector's notices in this case to the trustee are not of themselves self-executing with respect to the payment of the accrued interest. If the trustee considers it necessary or prudent so to do, it can itself petition the State Court for authority to make the payment of income to the Collector, and presumably on such a petition a rule would be served upon the beneficiary, from whom the income taxes are alleged to be due, to show cause against the requested order; and from an adverse decision either the trustee

or the beneficiary would doubtless have the right to appeal, ultimately if necessary, to the Supreme Court of the United States on the federal question involved.

■ This conclusion on the substantial question requires the dismissal of the complaint. But as the case may be appealed, it is appropriate to briefly consider the procedural points included in the defendant's motion to dismiss. If the plaintiff's contention on the substantial point that the spendthrift trust income is not property of the income taxpayer reachable by the government were sound, I would not think this court is without jurisdiction of the complaint under section 3653 of 26 U.S.C. A. Int.Rev.Code, which provides that no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court. Hubbard Inv. Co. v. Brast, 4 Cir., 59 F.2d 709; Rothensies, Collector, v. Ullman, 3 Cir., 110 F. 2d 590; Allen v. Regents, 304 U.S. 439, 58 S.Ct. 980, 82 L.Ed. 1448; Cannon v. Nicholas, 10 Cir., 80 F.2d 934.

■ But the other procedural ground relied upon by the defendant, that the plaintiff has an adequate remedy at law, is, I think, good in this case. As heretofore pointed out, the Collector's notices to the trustee are not self-executing with respect to the collection of the taxes; and the Collector has not undertaken to actually sell under the notice of distraint. If the demand for payment is refused by the trustee, the right of the United States to enforce collection will necessitate a sale under the distraint by the Collector, or an independent judicial proceeding by the United States under section 3678 to enforce the lien by sale or a suit against the trustee for individual liability under section 3710; or a petition by the trustee filed in the State Court. To any such proceeding the trustee will have the opportunity to present any legal defenses that it may have. If the Collector should undertake to sell under the distraint, or to sue the trustee under section 3710, which applies by its terms only with respect to property subject to distraint (sections 3690 and 3692), the question may arise whether the accrued income in the possession of the trustee was liable to distraint under the federal statute. This particular question has not been argued by counsel and it is not necessary here to decide it. It is sufficient now to note apparently conflicting decisions on the point. In some cases it has been held,

or at least assumed, that a chose in action of the character here involved is subject to distraint. Cannon v. Nicholas, 10 Cir., 80 F.2d 934; United States v. Long Island Drug Co., 2 Cir., 115 F.2d 983; Commonwealth Bank v. United States, 6 Cir., 115 F.2d 327; United States v. Penn Mutual Life Ins. Co., 3 Cir., 130 F.2d 495, 497, 142 A.L.R. 888. But other cases, some quite recent, are seemingly to the contrary. United States v. Metropolitan Life Ins. Co., 2 Cir., 130 F.2d 149; United States v. Morris & Essex R. Co., 2 Cir., 135 F.2d 711; United States v. Ætna Life Ins. Co., D.C.Conn., 46 F.Supp. 30; In re Rosenberg's Will, 269 N.Y. 253, 199 N.E. 206, 105 A.L.R. 1238.

For all these reasons I have concluded that the complaint must be dismissed with taxable court costs against the plaintiff. Counsel may submit the appropriate order.