**Harry KELLEY, Appellant,**

**v.**

**The LINCOLN NATIONAL BANK, Appellee.**

**No. 13133.**

United States Court of Appeals District of Columbia Circuit.

Argued May 11, 1956.

Decided June 28, 1956.

---

1. The right of way had been blocked by a metal garage for nearly thirty years, thus denying access to the dominant estate.

Mr. Arthur J. Hilland, Washington, D. C., with whom Mr. Thomas N. Kindness, Washington, D. C., was on the brief, for appellant.

Mr. George L. Hart, Jr., Washington, D. C., with whom Mr. Arthur G. Lambert, Washington, D. C., was on the brief, for appellee.

Before EDGERTON, Chief Judge, and FAHY and BURGER, Circuit Judges.

BURGER, Circuit Judge.

Elizabeth Moore Lyon Kelley, beneficiary of a testamentary trust under the will of her mother, was to receive trust income until age 28, at which time the trust was to terminate and she would then receive the principal. The trust provided:

(b) After making the division of my said trust estate hereinbefore directed, my said trustees shall hold one part thereof in trust for each of my children who may survive me, paying over the net income therefrom to him or to her as the case may be, until said children respectively reach the age of twenty-eight years or die, whichever event shall first occur; * * *

(c) As any child of mine who survives me reaches the age of twenty-eight years, the trusts as to that part of my trust estate so held in trust for such child shall cease and be de-

termined, and my said trustees shall pay over to such child so reaching the age of twenty-eight years, the part of my trust estate so held in trust for such child absolutely, free, clear and discharged from the provisions hereof; * * *

(e) My said trustees shall pay the income herein provided for, to the persons entitled to receive the same, in approximately equal quarterly instalments or oftener at their discretion, *and they shall make the payments herein directed by them to be made, whether income or principal, into the hands of the persons to whom such payments are to be made only and none other, whether claiming by, from or under the persons to whom such payments are directed to be made* respectively; however during the minority of any child of mine, I expressly authorize and direct my said trustees to spend the income from such child's share of my trust estate for the maintenance and support of such child, in such manner as to them may seem right and proper and in their absolute discretion. And should my trustees deem it advisable to advance to any child of mine at any time and from time to time, before such child reach the age of twenty-eight years, any part of his or her share of the corpus of said trust estate, I expressly authorize them to do so, and the part or parts so advanced to such child shall be paid over and delivered to such child absolutely free and discharged of the trust and the receipt of such child shall be a full release and discharge to my trustees for the part of said corpus so paid over and delivered. (Joint Appendix, pp. 9–11.) [Italics supplied.]

Two years before the termination of the trust, the beneficiary executed and delivered to her then husband a written instrument purporting to assign to him $20,000.00 of the trust principal. The instrument, executed March 26, 1952, recited that it was "to become effective

on the day I become twenty-eight (28) years of age, to wit, on May 26, 1954."

The trustee declined to recognize this purported assignment and paid all the principal of the trust to the beneficiary when she reached age 28 on the ground that the trust was a spendthrift trust as to both principal and income, expressly prohibiting assignment by the beneficiary. Failing to receive the $20,000.00 from the trustee or the beneficiary on or after May 26, 1954, the appellant, as assignee under the instrument of March 26, 1952, commenced suit against the trustee.[1] The District Court granted the appellee's (trustee's) motion for summary judgment.

Appellee denies appellant's claim that notice of the assignment was duly given to the trustee. For our purposes, we can assume, without so deciding, that such notice was in fact given.

The pertinent language of the trust, italicized above, is legally sufficient to create a spendthrift trust[2] which in this situation reaches "income or principal." In Maryland[3] a spendthrift trust as to both principal and income is valid. Zouck v. Zouck, 1954, 204 Md. 285, 104 A.2d 573, 105 A.2d 214; Medwedeff v. Fisher, 1941, 179 Md. 192, 17 A.2d 141, 138 A.L.R. 1313. Appellant's contention that the assignment of a part of the principal should be allowed because it was to take effect only when it became the property of the assignor, i. e., on May 26, 1954, ignores the plain and unambiguous command that "such payments are to be made [into the hands of the persons named] only and none other. * * *" The language is equally clear in prohibiting payments to other persons who might make claim "under the persons to whom such payments are directed. * * *"

Recognition of the assignment as an effective transfer would defeat the clearly expressed and legally permitted intent of the trust. The ruling of the District Judge was therefore correct and is

Affirmed.

---

1. Lincoln National Bank was substituted as a party to this case when the trustee died.

2. Medwedeff v. Fisher, 1941, 179 Md. 192, 17 A.2d 141, 138 A.L.R. 1313; Smith v. Towers, 1888, 69 Md. 77, 14 A. 497, 15

A. 92; Restatement, Trusts § 152, Comment c(2) (1935).

3. The will creating the trust was probated and administered, and the trust was administered, in Maryland, testatrix' domicile.