In the Matter of **MICHIGAN MASTER HEALTH PLAN, INC.,** Debtor.

**Sheila SOLOMON, Trustee for Michigan Master Health Plan, Inc., Plaintiff,**

v.

**ST. JOSEPH'S MERCY HOSPITAL, Defendant.**

**Bankruptcy No. 82–00395–G. Civ. No. 84–CV–4404–DT. Adv. No. 84–0027–G.**

United States District Court, E.D. Michigan, S.D.

Feb. 28, 1985.

al briefs. Further, the parties had to reproduce the exhibits causing further delay.

Wallace M. Handler, Birmingham, Mich., for plaintiff.

Willa C. Hanson, Bloomfield Hills, Mich., for defendant.

## ORDER

COHN, District Judge.

This is an appeal from an order of the Bankruptcy Court entered September 14, 1984 dismissing this bankruptcy case for lack of subject matter jurisdiction on the grounds that a health maintenance organization is an insurance company under Michigan state law and therefore excluded from being a debtor under 11 U.S.C. § 109(b)(2). 46 B.R. 642. Because of the uncertain status of a health maintenance organization under Michigan state law the Court solicited the views of the Commissioner of Insurance of Michigan. See Exhibit A. The Commissioner has responded through the Attorney General of Michigan, see Exhibit B, taking the position that as of the date the petition in this case was filed a health maintenance organization certainly was not an insurance company under Michigan state law and is likely still not an insurance company. The reasoning of the Attorney General cannot be improved upon. The order of September 14, 1984 is REVERSED.

SO ORDERED.

EXHIBIT A

January 28, 1985

Nancy Baerwaldt

Commissioner of Insurance

Insurance Bureau

1048 Pierpont

Lansing, MI 48909

RE: In The Matter Of Michigan Master Health Plan, Inc., Debtor

Case No. 84–CV–4404–DT

Dear Commissioner Baerwaldt:

Michigan Master Health Plan, Inc., a health maintenance organization, was adjudicated bankrupt in this Court in 1982. An appeal is now pending on my docket from an order of the Bankruptcy Court, dated September 19, 1984 (copy enclosed), in which the proceedings were dismissed on the grounds that a health maintenance organization is an insurance company under Michigan law and, therefore, a federal court in bankruptcy lacks jurisdiction over such an organization. I invite you to present your views on the status of Michigan Master Health Plan, Inc. under Michigan law as an insurance company and its exemption as a debtor under the federal bankruptcy law.

As the record now stands if I were to affirm the order of the Bankruptcy Court, the Bankruptcy Court would be obligated to return the assets of Michigan Master Health Plan, Inc. to its directors since the State has not asserted jurisdiction over it under M.C.L.A. § 333.21027(3). If you have any questions please advise. A copy of this letter is being sent to the Attorney General.

Yours truly,

Avern Cohn

CC: Honorable Frank J. Kelley, Attorney General

Wallace M. Handler, Esq.

William C. Hanson, Esq.

EXHIBIT B

February 5, 1985

Hon. Avern Cohn

District Judge

United States District Court

Eastern District of Michigan

219 Federal Building and U.S. Courthouse

Detroit, Michigan 48226

Re: In the Matter of Michigan Master Health Plan, Inc. Case No. 84–CV–4404–DT

Dear Judge Cohn:

We are responding on behalf of the Insurance Commissioner to the Opinion of the U.S. Bankruptcy Judge, dated September 12, 1984.

Initially, it should be noted that the statute upon which the bankruptcy court relies was not in effect on January 25, 1982, the date upon which an involuntary petition under Chapter 7 of the Bankruptcy Code was filed. On that date, the pertinent statute read:

"(4) The *insurance bureau* has the same authority to take over or liquidate a health maintenance organization that it has as to domestic and foreign corporations, associations, societies, and orders [sic] pursuant to chapter 78 of Act No. 218 of the Public Acts of 1956, as amended, being sections 500.7800 to 500.7868 of the Michigan Compiled Laws." MCLA 333.21027(4) (Emphasis added.)

This language does not state that a health maintenance organization is an insurance company but, more importantly, since the Insurance Bureau had *no* authority to take over or liquidate insurance companies, this section of the Public Health Code was totally meaningless. Therefore, Section 21027 of the Public Health Code was amended by 1982 PA 354 and given immediate effect on December 21, 1982, some eleven months subsequent to the January 25, 1982 filing of the petition for bankruptcy in the federal bankruptcy court. The section now indicates that the "commissioner" has the authority to act under Chapter 78 of the Insurance Code in the same manner as with regard to insurance companies. The amended subsection reads as follows:

"(3) For purposes of liquidation or receivership, a health maintenance organization shall be treated in the same manner as an insurer under chapter 78 of the insurance code of 1956, Act No. 218 of the Public Acts of 1956, being sections 500.7800 to 500.7868 of the Michigan Compiled Laws. The commissioner has the same authority to act as a custodian or receiver of a health maintenance organization as the commissioner has to act regarding a domestic insurance corporation under chapter 78 of the insurance code of 1956, Act No. 218 of the Public Acts of 1956."

While Section 21027 of the Public Health Code, at the date of filing of the bankruptcy proceedings, had no effect upon the federal bankruptcy proceeding, there is still a serious question as to whether amended Section 21027 would classify a health maintenance organization as an insurance company for purposes of future exclusion from the federal bankruptcy act.

The bankruptcy court's opinion appears to provide for state preemption of federal laws by simply referring to liquidation in the same manner as an insurance company. If the Public Health Code referred to a hospital as an insurance company, would it too be exempt from the bankruptcy laws as an insurance company. This is not farfetched as some health maintenance organizations are operated by hospitals. It should be noted that the amending language states that "a health maintenance organization shall be treated in the *same manner* as an insurer...." It does not state that a health maintenance organization is an insurer and, in fact, 1982 PA 354, which added the above language, also added a definition of health maintenance organization in Section 21005(2) of the Public Health Code, being MCLA 333.21005(2), as follows:

"(2) 'Health maintenance organization' means a *health facility or agency* that:

"(a) Delivers health maintenance services which are medically indicated to enrollees under the terms of its health maintenance contract, directly or through contracts with affiliated providers, in exchange for a fixed prepaid sum or per capita prepayment, without regard to the frequency, extent, or kind of health services.

"(b) Is responsible for the availability, accessibility, and quality of the health maintenance services provided."

(Emphasis added.)

A health maintenance organization is clearly not an insurance company. It is not created in the same manner as an insurance company and can take any form—profit, non-profit, partnership, sole proprietorship, etc.—and is, if a corporation, incorporated under the Business Corporation Act.

At the very most, it could be argued that eleven months subsequent to the filing of an involuntary petition for bankruptcy, the State of Michigan provided that a health maintenance organization could be placed into receivership or liquidation in the same manner as an insurance company by the Commissioner of Insurance. It would require a retrospective application of the state law to arrive at the conclusion that the State of Michigan had divested the federal bankruptcy court of subject matter jurisdiction.

Moreover, the instant case is analogous to *In re Prudence Co.*, 79 F.2d 77 (2 Cir., 1939), in that "... it cannot be maintained that the state has classified them as 'banking corporations' (insurance companies) with the result of excepting them from the field of bankruptcy ..." (emphasis omitted.) (See p. 5 of bankruptcy court opinion.) A perusal of the *Public Health Code* leads to the conclusion that a health maintenance organization has not been classified as an insurance company. Merely, the Commissioner of Insurance has been designated the state official to act as custodian or receiver of health maintenance organizations and since the Commissioner is already empowered under Chapter 78 to act as custodian or receiver of insurance companies, the *manner* of custodianship and receivership has been extended to health maintenance organizations. At no point in Michigan law is there an attempt to classify health maintenance organizations, which are in effect medical clinics, as insurance companies.

Therefore, it is still questionable whether even the amended Public Health Code succeeds in divesting the bankruptcy court of jurisdiction. In any event, subsequent amendments to Michigan law cannot be interpreted to divest a federal bankruptcy court of jurisdiction existing on the date of filing of a petition for bankruptcy.

We would be pleased to provide the court with a brief and orally argue if the court believes such would be of assistance.

Very truly yours,
FRANK J. KELLEY
Attorney General
(s) Harry G. Iwasko, Jr.
Harry G. Iwasko, Jr.
Assistant Attorney General
740 Law Building
525 West Ottawa Street
Lansing, Michigan 48913