SARAH B. CROOM, *Appellant*, v. OCALA PLUMBING & ELECTRIC COMPANY, A CORPORATION, *Appellee*.

SPENDTHRIFT DEED—FINDINGS ON FACTS BY MASTER APPOINTED BY CONSENT HAVE SAME FORCE AS VERDICT OF JURY.

1.  A spendthrift trust is defined to be those trusts that are created with a view of providing a fund for the maintainance of another, and at the same time securing it against his own improvidence or incapacity for self protection. The provisions against alienation of the trust found by the voluntary act of the beneficiary, or *in invitum* by his creditors, are the usual incidents of such trusts. Even if such a deed properly constructed was valid and effectual in this State to exempt

Croom v. Ocala Plumbing & Electric Co.—Syllabus.

the property conveyed therein from the debts of the beneficiaries named therein, yet where the deed, as does the one involved herein, provides that the trustees named therein shall convey all or any part of the corpus of the property conveyed thereby to the named *cestui que trustents* or to their assigns as they may direct upon their joint request expressed in writing, this provision in the deed virtually gives to the *cestui que trustents* named therein such absolute dominion over the property as to vest in them or their assigns an absolute title to the property, and such deed does not exempt the property from the debts of such *cestui que trustents*. The general rule is that when one has an interest in property which he may alien or assign, that interest, whether legal or equitable, is liable for the payment of his debts.

2. The rule is well settled that when the parties consent to the reference of a case to a master or other officer to hear and decide all the issues therein, both of fact and law, and such reference is entered as a rule of court, it is a submission of the controversy to a special tribunal, selected by the parties, to be governed in its conduct by the ordinary rules applicable to the administration of justice in tribunals established by law; and its determination is not subject to be set aside and disregarded at the bare discretion of the court; or as the same rule is otherwise more tersely expressed, when a master has been appointed by consent of the parties, his findings have the weight of a verdict of a jury.

This case was decided by Division B.

Appealed from the Circuit Court for Marion County.

The facts in the case are stated in the opinion of the court.

*H. M. Hampton* and *R. L. Anderson,* for Appellant;

*Richard McConathy,* for Appellee.

TAYLOR, J.—The appellee as complainant below filed its bill in equity in the Circuit Court of Marion County against the appellant and others to foreclose a mechanics' lien on three buildings located in the town of Ocala in Marion County. The defendants below demurred to the original and amended bills, which demurrers were overruled; then the defendants answered the bill severally, replications were filed to the several answers, and the cause by consent of all parties was referred to a special master to take the testimony and to report his findings on both the facts and the law of the case to the court. Upon the filing of the report of the master the Circuit Judge rendered a decree against the defendant Sarah B. Croom for the aggregate sum of $238.33, adjudging a lien in favor of the complainant upon her undivided one-fifth interest and estate in the lot upon which said buildings were located, and foreclosing said lien, and ordering a sale of her interest in said property to satisfy said decree, it appearing from the proofs in the case that said buildings were erected for her and the work and materials supplied for her at her request. From this final decree the defendant Sarah B. Croom appeals here.

The defendant contended in her demurrers to the original and amended bills and in her answer that the following deed filed as an exhibit to the complainant's amended bill showed on its face that the same was a spendthrift deed to trustees to hold said property in trust for the *cestui que trustents* therein named the same not to be subject to their debts, and that the same was not subject to a lien for the debt of the said Sarah B. Croom who was one of such *cestui que trustents,* she having no other interest or estate in said lot of land except that conveyed by said deed, which is as follows:

"This indenture made this 14th day of December, 1901,

between Jeffie E. Bell, Widow, of the county of Marion, State of Florida, party of the first part, and Jeffie Harvey Bell and Joseph Hamlyn Bell, as trustee, of the county and State aforesaid, parties of the· second part, Witnesseth: That the said party of the first part for and in consideration of the sum of five dollars to her in hand paid by the said parties of the second part, the receipt whereof is hereby acknowledged, has granted, bargained and sold to the said parties of the second part, their successors and assigns forever the following described land, lying and being in the county of Marion, State of Florida, to-wit: East two-third of lot one, Caldwells Addition to Ocala, commencing at a point one and forty-eight hundredths chains East of the Northeast corner of Lot Thirty-nine, Caldwell's Addition to Ocala, thence East one and forty-seven hundredths chains, thence South three and forty-eight hundredths chains, thence West one and forty-seven hundredths chains, thence North three and forty-eight hundredths chains to point of beginning. Together with the tenements, hereditaments and appurtenances thereto belonging. To Have and to Hold the above described premises, together with the appurtenances unto the said parties of the second part, their successors and assigns forever. In trust however, to and for the sole use and benefit of the said Jeffie E. Bell· during the remainder of her natural life and upon her decease, then in trust to and for the sole use and benefit of her children namely: Margaret Bell, Mrs. Hardy C. Croom, born Sarah Marianne Bell, Robert Benjamin Bell, Jeffie Harvey Bell and Joseph Hamlyn Bell, upon the following conditions and for the following purposes, to-wit: The object of this instrument is to secure to my said children a home as long as and whenever they or any of them desire or choose to occupy the same as a home. They or any of them shall have the

right to occupy the said premises as a home at any and all times, if they so desire, except when let or leased by said trustees as hereinafter provided. Provided, however that this right of occupancy by my children shall not include the family of any of my children unless consented to by all my children then living. In the event of any of the *cestui que trusts* herein being declared a bankrupt by a court of competent jurisdiction or becoming insolvent, such insolvency being evidenced by the fact that such *cestui que trust* or *cestui que trusts* has or have not sufficient visible property to satisfy an execution issued against him, her or them, without levy upon his, her or their interest or interests in the herein described property, then, in that event the interest or interests of such bankrupt or insolvent *cestui que trust* or *cestui que trusts* shall become forfeited, determine and cease, and shall revert to and become vested in the remaining solvent *cestui que trust* or *cestui que trusts*. The said Jeffie Harvey Bell and Joseph Hamlyn Bell, trustees, are hereby authorized and empowered to and shall convey all or any part of the above described premises to the *cestui que trusts* or their assigns and shall direct upon their joint request expressed in writing under their hands and seals. The said trustees are hereby authorized and empowered upon the request of the *cestui que trusts* herein to rent, let or lease the herein described premises or any part thereof, for such periods of time as the *cestui que trusts* shall provide, when the said premises of any part desired to be so let or leased are not occupied by any of my said children as a home or residence. The said trustees shall apply the rents and profits of said premises, first, to the payment of such taxes as may be legally assessed against the herein described property. Second, to the maintenance of said property in good repair. Third, to the keeping of the

dwelling house thereon insured in a sufficient sum. Fourth, the residue to be paid to the *cestui que trusts* for their equal and sole use and benefit. Fifth, in the event of the death of any of the *cestui que trusts* said residue shall be divided equally between all and the heirs of such as may be deceased. The said party of the first part does hereby fully warrant the title to said lands and will defend the same against the lawful claims of all persons whomsoever.

In witness whereof the said party of the first part has hereunto set her hand and seal and the said parties of the second part to signify their acceptance of the trust herein declared, have hereunto set their hands and seals to day and year above written.

| Signed, sealed & Delivered in our presence as witnesses. | Jeffie E. Bell     (SEAL) |
|---|---|
| | Jeffie H. Bell     (SEAL) |
| Bettie Smith. | Joseph H. Bell  (SEAL)" |
| T. E. Biggs. | |

Even if we were to hold that properly constructed spend-thrift trust deeds were valid in this State, and potent to exempt the property conveyed therein from the debts of the beneficiaries named therein, even then the deed copied above cannot be held to be such a deed as will exempt the property therein described from a lien to secure an indebtedness of one of the named *cestui que trustents* for work and labor performed and materials for same furnished in the creation of buildings erected on said property by such *cestui que trust*. A spendthrift trust is defined to be those trusts that are created with a view of providing a fund for the maintenance of another, and at the same time securing it against his own improvidence or incapacity for self protection. The provisions against alienation of the trust fund by the voluntary act of the beneficiary, or invitum by his creditors, are the usual

incidents of such trusts.    26 Am. & Eng. Ency. Law (2nd. ed.) p. 138, and authorities cited.

The deed quoted above expressly provides that the trustees named therein shall convey all or any part of the corpus of the property conveyed thereby to the named *cestui que trustents* or to their assigns as they may direct upon their joint request expressed in writing under their hands and seals.    This provision in the deed virtually gives the *cestui que trustents* named therein such absolute dominion over the property as to vest in them or their assigns an absolute title to the property, when it vests in them the right to require the trustees, upon their bare request, to convey any part or the whole of the property either to them or their assigns in fee simple absolute. The general rule is that when one has an interest in property which he may alien or assign, that interest, whether legal or equitable, is liable for the payment of his debts. Wenzel v. Powder, 100 Md. 36, 59 Alt. Rep. 194.

From what has been said our conclusion is that the deed in question is not sufficient to exempt the interest of the appellant in the property conveyed thereby from the payment of her debts to which it is otherwise liable.

It is next contended that the evidence fails to support the findings of the special master and concurred in by the chancellor in the decree rendered as to the amount of the indebtedness found to be due to the appellee from the appellant.    The rule seems to be well settled that when the parties consent to the reference of a case to a master or other officer to hear and decide all the issues therein, both of fact and of law, and such reference is entered as a rule of court, it is a submission of the controversy to a special tribunal, selected by the parties, to be governed in its conduct by the ordinary rules applicable to the administration of justice in tribunals estab-

lished by law; and its determinations are not subject to be set aside and disregarded at the bare discretion of the court. Kimberly v. Arms, 129 U. S. 512, 9 Sup. Ct. Rep. 355. Or as the rule is expressed in the case of Carr v. Fair, 92 Ark. 359, 122 S. W. Rep. 659, when a master has been appointed by consent of parties, his findings have the weight of a verdict. Upon the question of the amount of the indebtedness due from the appellant to the appellee the evidence was conflicting, but there was an abundance of evidence, if credence was given thereto by the master, to sustain his findings and report. This being true and he having been appointed by consent of the parties with power to pass upon both the law and the facts, his findings on the facts must be regarded as having the same weight as the verdict of a jury as to such facts, and this finding having been concurred in by the chancellor in his final decree, we do not feel justified from anything in the record before us in disturbing his conclusions on the facts. This disposes of all the substantial issues presented in the appeal, and finding no error the decree appealed from in said cause is hereby affirmed at the cost of the appellant.

HOCKER and PARKHILL, J. J., concur;

SHACKLEFORD and COCKRELL, J. J., concur in the opinion.

WHITFIELD, C. J., disqualified.