**In re F. Joseph GILLETT and Carolyn E. Gillett, Debtors.**

**Bankruptcy No. 84–01901–BKC–SMW.**

United States Bankruptcy Court, S.D. Florida.

Feb. 25, 1985.

---

Thomas R. Lehman, Miami, Fla., for trustee.

Max A. Hagen, North Miami Beach, Fla., for debtors.

## ORDER ON TRUSTEE'S OBJECTIONS TO PROPERTY CLAIMED AS EXEMPT

SIDNEY M. WEAVER, Bankruptcy Judge.

This matter came before the Court to consider objections raised to the Debtors' claimed exemptions. The Court heard the argument of counsel for the parties and has concluded that there are no issues of material fact to be determined and that the claimed exemptions and objections can be decided purely as matters of law.

The Trustee timely filed objections to the claimed exemptions for Mr. Gillett's Individual Retirement Account (the "IRA") and his interest in trusts created pursuant to the Gillett Plumbing, Inc. Profit Sharing Plan and Money Purchase Pension Plan (the "ERISA Plans").

The IRA totals $4,000 in principal, together with $256.66 in accrued interest. The funds are deposited with Merchants Bank of Miami and are represented by a certificate of deposit. Mrs. Gillett also has an IRA at Merchants Bank in the total amount of $2,349.46. However, the Debtors concede that Mrs. Gillett's IRA is not exempt, and it is therefore property of the bankruptcy estate.

Mr. Gillett's interest in the Profit Sharing Plan is $384.90; his interest in the Pension Plan totals $6,287.33. Both plans were established by Gillett & Associates, Inc., formerly known as Gillett Plumbing, Inc. ("Gillett Plumbing") to meet the requirements of Sections 401(a) and 501(a) of the Internal Revenue Code of 1954, as amended by the Employee Retirement Income Security Act of 1974. Under each plan, funds were contributed by Gillett Plumbing to a trust fund for the benefit of employees, including Mr. Gillett. Three Trustees were appointed to administer the trust fund of each plan. Both Debtors served as Trustees along with John D. Purifoy, an employee of Gillett Plumbing. Prior to the commencement of this case, the Debtors were the sole stockholders, officers and directors of Gillett Plumbing.

*The IRA*

Mr. Gillett's IRA was established pursuant to 26 U.S.C. § 408(a). Under the terms of the account, Mr. Gillett could withdraw the funds at any time, subject to an interest and tax penalty for premature withdrawal. In substance, Mr. Gillett had complete and unfettered control over the funds in the account.

In support of their claim that the IRA is exempt, the Debtors argue that the IRA falls within the protection of Florida Statutes, § 222.14, which provides an exemption from legal process for annuity contracts. The issue of whether an IRA, such as the one herein, constitutes an annuity contract protected by § 222.14 was considered by this Court in *In Re Gefen*, 35 B.R. 368 (Bkrtcy.S.D.Fla.1984). Although the *In Re Gefen* decision involved the avoidance of a fraudulent transfer, the

Court finds the analysis in that case persuasive here. *In Re Gefen* held:

'Individual Retirement Accounts' created in accordance with 26 U.S.C. § 408(a), and held in the form of funds on deposit in a bank account under the complete and unfettered control of the debtor are not 'annuity contracts issued to citizens or residents of the state, upon whatever form,' and are not unavailable to satisfy the claims of judgment creditors pursuant to Fla.Stat. § 222.14. *In Re Gefen,* 35 B.R. at 372.

The Debtors also argue that Mr. Gillett's IRA constitutes wages of the head of a family and therefore, are exempt from the claims of creditors pursuant to Florida Statutes, § 222.11. Wages, once paid by an employer and deposited in a bank, are no longer protected by § 222.11 and are subject to the claims of creditors. *Hertz v. Fisher,* 339 So.2d 1148 (Fla. 1st DCA 1976); See also, *Ellis Sarasota Bank & Trust Co. v. Nevins,* 409 So.2d 178 (Fla. 2d DCA 1982). Therefore, the Court finds that the IRA is not exempt as wages of the head of a family.

Finally, *In Re Worthington,* 28 B.R. 736 (Bkrtcy.W.D.Ky.1983) is cited by the Debtors in support of their position that the IRA is exempt property. However, in *In Re Worthington,* the court applied Kentucky Revised Statutes, § 427.150(1)(b), which exempts from the claims of creditors certain pension and profit sharing plans. *In Re Worthington* held that IRA accounts came within the purview of the foregoing statute and therefore were exempt. No statutory provision similar to Kentucky Revised Statutes, § 427.150(1)(b) exists under Florida law.

Accordingly, the Court finds that the IRA is not exempted from the Debtors' estate.

*The ERISA Plans*

The ERISA Plans contain identical termination and distribution provisions in Article 12 of each plan. Under Article 12, Gillett Plumbing had authority to terminate a plan "at any time" or undertake a partial termination for individual participants such as Mr. Gillett. Upon termination, the participants' interests would automatically vest and their share of the trust funds could be distributed to them. Thus, Gillett Plumbing had direct control over the termination of the ERISA plans, and ultimately, the distribution of funds held in trust pursuant to the plans.

The Debtors maintain that the Non-alienation of Benefits provision of the ERISA Plans makes Mr. Gillett's interest as a participant in the ERISA Plans not includible in his bankruptcy estate under 11 U.S.C. § 541(c)(2). Section 541(c)(2) carves out an exception to the broad scope of § 541(a). Section 541(c)(2) preserves restrictions on the transfer of a beneficial interest of a debtor in a trust which is enforceable under applicable non-bankruptcy law, and thus precludes such an interest from being included as property of the debtor's bankruptcy estate. The section's reference to "applicable non-bankruptcy law" refers only to state spendthrift trust law. *In Re Lichstrahl,* 750 F.2d 1488 (11th Cir.1985). Therefore, Mr. Gillett's interest in the plans are excluded from the estate only if the ERISA Plans are enforceable under state law as spendthrift trusts.

Where the beneficiary of a spendthrift trust has the right to require the trustee to convey trust property to him, then the beneficiary has dominion and control over the trust res and the trust will fail as a spendthrift trust. *Croom v. Ocala Plumbing and Electric Co.,* 62 Fla. 460, 57 So. 243 (1911). As sole stockholders, directors and officers of Gillett Plumbing, the Debtors controlled Gillett Plumbing. Using this control, the Debtors could, at any time, terminate the ERISA Plans and thereby effectuate the distribution to Mr. Gillett of the funds held for his benefit pursuant to the plans. The fact that the Debtors, in terminating the ERISA Plans, would ostensibly be acting as agents for Gillett Plumbing is not important. They alone enjoyed absolute dominion and control over Mr. Gillett's interest in the trust funds. Accordingly, the Court finds that the ERISA Plans are not spendthrift trusts under Florida law, and therefore, they are not excluded from the Debtor's estate un-

der § 541(c)(2). See *In Re Lichstrahl,* 750 F.2d 1488 (11th Cir.1985).

The Debtors also argue that Mr. Gillett's interest in the ERISA Plans are exempted from their bankruptcy estate as federal exemptions under § 522(b)(2)(A) of the Bankruptcy Code. Private ERISA qualified pension and profit sharing plans are not exempt property under § 522(b)(2)(A). *In Re Lichstrahl,* 750 F.2d 1488 (11th Cir.1985); Accord, *In Re Graham,* 726 F.2d 1268 (8th Cir.1984); and *Matter of Goff,* 706 F.2d 574 (5th Cir.1983).

The trust funds held under the ERISA Plans for the benefit of Mr. Gillett are neither excluded nor exempted property.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Trustee's objection to property claimed as exempt be, and the same hereby is, sustained. It is further

ORDERED, ADJUDGED AND DE-CREED that the Debtors' claimed exemptions of Mr. Gillett's IRA and his interest in the Pension and Profit Sharing Plans and the same hereby is, disallowed, and the Trustee is directed to recover and administer the subject property for the benefit of the estate's creditors.