In re Barbara J. MAY, Debtor.

SCOTT W. PUTNEY, TRUSTEE, INC., Plaintiff,

v.

Barbara J. MAY, Defendant.

Bankruptcy No. 87–1038–BKC–6P7. Adv. No. 87–209.

United States Bankruptcy Court, M.D. Florida, Orlando Division.

March 7, 1988.

Scott W. Putney, Orlando, Fla., Trustee.

David R. McFarlin, Orlando, Fla., for defendant.

## MEMORANDUM OPINION

GEORGE L. PROCTOR, Bankruptcy Judge.

This adversary proceeding is before the Court upon cross-motions for summary judgment. The issue presented is the right of the bankruptcy trustee to reach benefits under a testamentary trust when there is no enforceable spendthrift provision.

## THE FACTS

On April 28, 1987, the defendant herein filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. 11 U.S.C. § 101 *et seq.*

Scott W. Putney was named as the bankruptcy trustee. The trustee files this action seeking the turnover of certain trust benefits provided defendant under the terms of her late mother's will of January 11, 1983. The defendant defends this action by arguing that the trust benefits are not property of the estate because (i) future payment of the trust benefits is contingent upon the defendant's survival; (ii) the defendant does not have the ability to alienate the corpus of the trust; and (iii) the defendant does not have any privilege to demand a lump sum or advance distribution. The defendant further argues that the estate's interest at best is limited to payments acquired from the trust during the 180 day period following the filing of the petition.

The relevant portions of the trust provide:

I give, devise and bequeath my residuary estate, defined elsewhere in this Will, to SUN BANK, N.A., or its legal successors, IN TRUST NEVERTHELESS, for the benefit of my children, DONALD C. JAEGER and BARBARA JAEGER MAY, upon the terms and conditions hereinafter set forth.

A. My Trustee shall hold, invest and reinvest the trust funds and after paying all taxes and expenses of the administration of the Trust, it shall pay and distribute the net income in quarterly installments in equal shares to DONALD C. JAEGER and BARBARA JAEGER MAY, during their respective lifetimes. Upon the death of either of them, my Trustee shall pay all of the net income to the survivor of them for the balance of his or her lifetime.

B. It is my hope and desire that each of my said children shall receive EIGHT THOUSAND DOLLARS ($8,000.00) per year from the Trust. With this as a goal, I authorize and empower my Trustee to invade the principal at any time and from time to time to the extent necessary to provide each of my said children with total annual distributions (whether from income or principal or both) of $8,000.00. I expressly grant to my Trustee the power and authority to exhaust the trust principal prior to the death of my children if that is necessary to achieve the goal hereinabove stated, but my Trustee may, likewise, withhold distribution of principal if my Trustee believes in its sole and absolute discretion that such distribution would not be in the best interest of the beneficiary.

\*     \*     \*     \*     \*     \*

D. Upon the death of the survivor of my children, my Trustee shall hold, invest and reinvest the trust funds for the benefit of my grandchildren, RODNEY JAEGER, born July 29, 1961, BRIAN JAEGER, born May 1, 1964, and BONNIE JAEGER, born May 1, 1962, during their respective lifetimes, or until all of them shall have attained the age 21, whichever first occurs.

## DISCUSSION

■ Section 541 of the Bankruptcy Code provides that property of the estate in-

cludes "all legal or equitable interest of the debtor in property as of the commencement of the case." This phrase should be broadly construed so as to effectuate Congressional intent that a wide range of property be included in the bankruptcy estate. *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983); *Matter of Nichols*, 42 B.R. 772 (Bkrptcy.M.D.Fla.1984).

An exception to this mandate lies within § 541(c)(2). It provides:

A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under nonbankruptcy law is enforceable in a case under this title.

In construing this section, the United States Court of Appeals for the Eleventh Circuit has instructed that "applicable nonbankruptcy law" refers only to state spendthrift trust law. *See In re Lichstrahl*, 750 F.2d 1488, 1490 (11th Cir.1985). Thus, the Court must look to underlying Florida law to determine whether the trustee can succeed to the debtor's interest under the terms of the trust.

Florida law recognizes and enforces as spendthrift trusts those trusts:

that are created with a view of providing a fund for the maintenance of another, and at the same time securing it against his own improvidence or incapacity for self-protection. The provisions against alienation of the trust fund by the voluntary act of the beneficiary, or invitum by his creditors, are the usual incidents of such trusts.

*Croom v. Ocala Plumbing & Electric Co.*, 62 Fla. 460, 465, 57 So. 243, 244 (1911); *see also, Waterbury v. Munn*, 159 Fla. 754, 32 So.2d 603 (1947). Because the purpose of a spendthrift trust is to protect the beneficiary and creditors, such a trust fails, under Florida law, where the beneficiary exercises absolute dominion over trust property. *In re Lichstrahl*, 750 F.2d 1488, 1490 (11th Cir.1985). Similarly, where the beneficiary has the right to require the trustee to convey trust property to him or her, the beneficiary has dominion and control over the trust res and the trust will fail

as a spendthrift trust. *In re Gillett*, 46 B.R. 642, 644 (Bkrptcy.S.D.Fla.1985).

Although case law speaks in terms of provisions against alienation of the trust fund by the voluntary acts of the beneficiary or by language placing the trust corpus beyond the reach of creditors, the Court can find no specific requirement that the trust contain any magic words or phrases to create a spendthrift trust. Rather, it appears that the settler simply manifest his or her intention to restrain the beneficiary from alienating his interest.

In this case, the defendant is correct in her assertion that she has no right to alienate the corpus of the trust or to demand a lump sum or advance distribution of her interest. However, it appears that the defendant does have the right to demand an annual payment of $8,000.00. Primarily because of this, the Court finds that she has dominion and control over the trust assets to that extent. Accordingly, the defendant's argument that this is a spendthrift trust must fail. The trustee may succeed to the defendant's interest in the trust. Had the defendant been able to reach beyond this sum and to exhaust the trust corpus, then the trustee in bankruptcy would be able to avoid the claimed exemption in its entirety and bring both the principal and the proceeds into the bankruptcy estate. *Accord, In re Robbins*, 826 F.2d 293 (4th Cir.1987).

The defendant's argument that the trust benefits are not property of the estate because they are contingent upon the beneficiary's survival is without merit. Here, the right to receive the trust benefits vested once the beneficiary survived the testator. Although the right to receive the benefits may be cut off or terminated upon her death, the Court finds no reason why the trustee should not succeed to that interest now.

Similarly, the defendant's argument that the interest of the estate in the testamentary trust is limited to payments acquired during the 180 day period following the petition filing date must be rejected. Section 541(a)(5) of the Bankruptcy Code

provides that the property of the estate includes:

> Any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date ...
> (A) By bequest, devise, or inheritance....

This section brings into the estate a debtor's interest in property which does not exist as of the date of the filing of the petition but which is acquired by the debtor within 180 days after that date by bequest, devise, or inheritance. It is inapplicable when the debtor's interest exists prior to or on the date of the filing of the petition.

In the case at bar, the testatrix died prior to the filing of the bankruptcy petition by the debtor. The defendant's interest in the testamentary trust vested at that time and was in existence when the petition was filed. The interest of the estate in the trust is therefore not limited to the payments received by the debtor during the 180 day period following the filing of the petition. The amount the debtor could receive is $8,000.00 annually, and the trustee of her estate now has the right to receive this sum.

## CONCLUSION

The terms of the testamentary trust do not create a valid spendthrift trust so as to defeat the trustee's claim for turnover of property of the estate. However, because the debtor/defendant's interest was limited to the right to receive $8,000.00 per year, the estate's interest is also limited to that amount. The Court finds further that the defendant's interest had vested as of the date the petition was filed and that the provisions of § 541(a)(5) do not apply.

A final summary judgment in favor of plaintiff will be separately entered.