**In re Don R. GOSHE, Debtor.**

**Bankruptcy No. 87–02307–BKC–6P7.**

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

April 29, 1988.

Robert H. Roth, Orlando, Fla., for debtor.

Scott W. Putney, Orlando, Fla., for trustee.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This case is before the Court upon the Trustee's Objection to the Debtor's Claim of Exempt Property. A hearing on the objection was held March 16, 1988, at the conclusion of which the Court directed the parties to submit written briefs and proposed findings of fact and conclusions of law. Upon the argument and evidence so presented, the Court makes the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1. The debtor is an employee of Contractor's Tire Company and a beneficiary under the terms of a Profit Sharing Plan and Trust (the "trust").

2. On September 11, 1987, the debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. 11 U.S.C. § 101 *et seq.* Scott W. Putney, Trustee, Inc. was named as bankruptcy trustee.

3. The debtor, as part of the petition, filed Schedule B–4, Property Claimed as Exempt, and claimed, among other things, his interest in the trust as exempt property. On November 20, 1987, the trustee filed an objection to debtor's claim of exemption arguing that the interest in the trust is property of the estate.

4. The relevant portions of the Profit Sharing Plan and Trust provide:

NONALIENATION OF BENEFITS.— Any benefits payable under this plan shall not be subject in any manner to anticipation, alienation, sale, transfer, assignment, pledge, encumbrance, charge, garnishment, execution or levy of any kind, either voluntary or involuntary, prior to being actually received by the person entitled to receive such benefits. Any attempt to anticipate, alienate, sell, transfer, assign, pledge, encumber, charge or otherwise dispose of any right to receive benefits payable under this Plan shall be void. The Trust Fund shall not be liable in any manner for, or subject to, the debts, contracts, liabilities, engagements or torts of any person entitled to receive benefits under this plan. (Paragraph 19.07)

CONSENT TO DISTRIBUTION PRIOR TO RETIREMENT AGE—No distribution of benefits may commence to a Par-

ticipant (including installment payments) before the Participant attains age sixty-five (65) unless the Participant provides written consent to the commencement of the distribution. Such consent shall be contained in a written request for benefits filed with the Committee pursuant to paragraph 10.04 and must be filed not more than ninety (90) days prior to the commencement of the distribution or any part of the benefit. (Paragraph 10.11) ACCELERATED PAYMENTS—A recipient may file a written request with the Committee for an acceleration of all or a portion of the remaining payments provided the recipient can show a substantial financial need for the acceleration. (Paragraph 10.07)

5. The debtor maintains that he is entitled to the exemption on the basis that the trust contains a valid and enforceable spendthrift clause. The trustee counters that the exemption should be denied and the spendthrift clause struck down where the trust agreement gives the debtor the right to demand a distribution at will.

## CONCLUSIONS OF LAW

1. Title 11 U.S.C. § 541 provides that the bankruptcy estate includes all legal or equitable interests of the debtor in property as of the commencement of the case, except as provided in subsections (b) and (c)(2).

2. Section 541(c)(2) of the Bankruptcy Code provides:

A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title.

■ 3. A spendthrift clause is such a restriction on alienation and may be found to exclude certain assets as property of the estate under this subsection. *In re Colvin*, 81 B.R. 679, 681 (Bkrptcy.M.D.Fla.1988). Paragraph 19.07 of Goshe's trust contains such a provision.

■ 4. "Applicable nonbankruptcy law" refers merely to state spendthrift trust law. *In re Lichstrahl*, 750 F.2d 1488

(11th Cir.1985). Accordingly, the Court must apply Florida law to determine whether the debtor's claim of exemption will pass muster.

■ 5. Florida law recognizes and enforces as valid, spendthrift trusts:

That are created with a view of providing a fund for the maintenance of another, and at the same time securing it against his own improvidence or incapacity for self-protection. The provisions against alienation of the trust fund by the voluntary act of the beneficiary, or invitum by his creditors, are the usual incidents of such trusts.

*Croom v. Ocala Plumbing & Electric Co.*, 62 Fla. 460, 465, 57 So. 243, 244 (1911); *Preston v. City National Bank*, 294 So.2d 11 (Fla. 3d DCA 1974).

6. However, a spendthrift clause fails under Florida law where the beneficiary exercises absolute dominion over the trust property. *In re Barbara J. May*, 83 B.R. 812, 17 B.C.D. 347 (Bkrptcy.M.D.Fla.1988); *In re Lichstrahl*, 750 F.2d 1488, 1490 (11th Cir.1985). Where the beneficiary has the right to require the trust administrator to convey trust property to him or her, the beneficiary has dominion and control over the trust res sufficient to defeat the validity of the spendthrift trust. *See, In re Gillett*, 46 B.R. 642, 644 (Bkrptcy.S.D.Fla. 1985); *In the Matter of Goff*, 706 F.2d 574 (5th Cir.1983); *In re Watson*, 13 B.R. 391 (Bkrptcy.M.D.Fla.1981); *In the Matter of Nichols*, 42 B.R. 772 (Bkrptcy.M.D.Fla. 1984).

7. Although the trust in this case contains "boilerplate" non-alienability language, paragraphs 10.07 and 10.11 give the plan beneficiary the right to receive early distribution and accelerated payment upon written demand. This demand is not subject to further approval by the trust administrator and is operative upon the beneficiary's simple request. Therefore, the Court concludes that the terms of the trust give the beneficiary "absolute dominion" over his trust benefits and invalidates the nonalienability provision.

8. Finally, the debtor argues that the trust ought to be exempt under the Employee Retirement Income Security Act of 1974 ("ERISA"). However, the Eleventh Circuit has addressed this precise issue and has determined that ERISA "trusts" are subject to the same rules as are non-ERISA trusts. Says the Court:

> We too hold that "applicable nonbankruptcy law" refers only to state spendthrift trust law. Therefore, ERISA-qualifying pension plans containing anti-alienation provisions are excluded pursuant to section 541(c)(2) only if they are enforceable under state law as spendthrift trusts. See *Matter of Goff,* 706 F.2d 574 (5th Cir.1983); cf. *In re Kelleher,* 12 B.R. 896 (Bkrptcy.M.D.Fla.1981).

*In re Lichstrahl,* 750 F.2d 1488, 1490 (11th Cir.1985). Having determined that the trust does not qualify as a spendthrift trust under state law, the debtor's premise must be rejected.

The Court will enter a separate order sustaining the trustee's objection to the debtor's claim of exemption in accordance with these findings.