**In re Sigurd N. HERSLOFF, Jr., Debtor.**

**Jerome P. McCAULEY,**
**Trustee, Plaintiff,**

v.

**Sigurd N. HERSLOFF, Jr.,**
**et al., Defendants.**

**Bankruptcy No. 90–01297–BKC–6C7.**

Adv. No. 90–00124.

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

Nov. 10, 1992.

Linda Orth Perez, Akerman, Senterfitt & Eidson, Orlando, Fla., for plaintiff.

Mark J. Wolfson, Foley & Lardner, Tampa, Fla., for Chase Manhattan Bank and Peter O. Hersloff.

Vicki L. Smith, Apopka, Fla., for Sigurd N. Hersloff, Jr.

Bradley M. Saxton, Maguire, Voorhis & Wells, P.A., Orlando, Fla., for remainder defendants.

Jerome P. McCauley, Orlando, Fla., Trustee.

## MEMORANDUM OPINION

C. TIMOTHY CORCORAN, III, Bankruptcy Judge.

In this adversary proceeding, the plaintiff Chapter 7 trustee seeks to bring into the estate the defendant debtor's interest in a trust. The proceeding places in issue the extent to which the debtor's powers as a co-trustee of the trust may destroy the spendthrift character of the trust. On the facts of this case, the court concludes that the defendant debtor has minimal ability to control the trust and that the trust retains its spendthrift nature. The defendant debtor's interest in the trust is therefore excluded from the property of the estate.

The plaintiff, Jerome P. McCauley, as trustee in the Chapter 7 case ("Trustee"), initiated this adversary proceeding through a complaint seeking turnover of property of the estate pursuant to Section 542 of the Bankruptcy Code.

There are three separate interests represented by the defendants. They are the debtor, Sigurd N. Hersloff, Jr., the debtor's brother, Peter O. Hersloff, and the Chase Manhattan Bank, N.A., all as trustees of the trust; the debtor in his individual capacity; and the debtor's children who are the remainder beneficiaries under the trust, Sigurd N. Hersloff, III, Lisa P. Taylor, Oliver Hersloff, and Erik Hersloff.

The plaintiff and defendants have filed cross motions for summary judgment, and it is those motions that are before the court for consideration here. All of the parties have stipulated to the facts and are agreed

that the court may decide the issues of law on the agreed facts.

## I.

The facts can be simply stated:

The debtor's mother established a trust in her will that she executed in Maryland. Upon her death in 1968, the will was admitted to probate in Maryland. The debtor's father and the Bank were the original trustees.

Upon the death of the debtor's father in 1970, the debtor, the debtor's brother Peter, and the Bank became the trustees. At that time, the debtor also became an income beneficiary of his share of the trust along with other beneficiaries. The debtor's children are remainder beneficiaries of the debtor's interest in the trust.

The trust instrument provides that, upon the death of the debtor's father, the debtor is to receive income for life from his share of the trust corpus. The trust instrument further contemplates that, with the approval of the trustees, the corpus of the trust can be invaded in case of the debtor's extraordinary financial need. The trust is silent, however, as to how decisions are ultimately to be made among the trustees regarding investments or requests to invade the principal. The Bank, as corporate trustee, manages the daily administration of the trust by providing bookkeeping, investment advice, and income distribution services.

The trust instrument also contains a spendthrift clause that seeks to protect the trust from the reach of the beneficiaries' creditors. The will provides in pertinent part:

\* \* \* \* \* \*

ELEVENTH: All the income and principal payable to any beneficiary under this, my Last Will and Testament, shall to the fullest extent permitted by law be free and clear of his or her debts, contracts, engagements, alienations and anticipations or those of any other person, and all income shall be paid to him or her respectively for his or her exclusive use and benefit, and his receipt alone, from time to time as such income may become due and payable, and not by way of anticipation, shall be a sufficient discharge for the same.

\* \* \* \* \* \*

In 1976, the debtor, who was then suffering financial hardship, requested an invasion of the corpus of the trust. Both the debtor's brother and the Bank approved a distribution of $29,500 to meet financial obligations and living expenses of the debtor.

In 1987, the debtor again requested an invasion of the trust principal in the amount of $48,000 to provide financial assistance to his children. Although the debtor's brother approved the request, the Bank did not agree and no distribution was made.

There have been no further requests for invasions of the principal by the debtor. The debtor has continued to receive quarterly distributions of net income from the trust.

The debtor filed a Chapter 7 bankruptcy petition in this court on April 10, 1990. The debtor did not schedule his interest in the trust. During the 180 days following the petition date, the debtor received a distribution under the trust in the amount of $3,905.92.

## II.

As the parties have agreed, these facts allow the court to determine the issues of law.

### A.

The trust was established and is administered in Maryland. Accordingly, Maryland law is applicable to determine whether the restriction on the transfer of the beneficial interest of the debtor is enforceable under its laws for purposes of Section 541(c)(2) of the Bankruptcy Code. *Spindle v. Shreve*, 111 U.S. 542, 547, 4 S.Ct. 522, 524, 28 L.Ed. 512 (1884).

Maryland first recognized the spendthrift trust in *Smith v. Towers*, 69 Md. 77, 83, 14 A. 497, 498 (1888). In *Smith*, the court established the right of the settlor of a

trust to protect the income from the trust property from the alienees or creditors of the beneficiary. *Id.* at 90–91, 14 A. at 500. The court further extended this protection to the trust corpus in *Medwedeff v. Fisher*, 179 Md. 192, 197, 17 A.2d 141, 144 (1941).

■ The terms of the trust are clearly sufficient to establish a spendthrift trust applying to both income and corpus within the meaning of Maryland law.

### B.

■ The Trustee here does not dispute the existence or validity of the spendthrift trust itself. Instead, the Trustee grounds his argument on the precept that such a trust is invalid as to the debtor because the debtor is both beneficiary and trustee and thus exerts control over the distribution of the trust corpus. The ability of the beneficiary to compel the payment of principal renders an anti-alienation clause ineffective. *Hoffman Chevrolet, Inc. v. Washington County National Savings Bank*, 297 Md. 691, 707–08, 467 A.2d 758, 766–67 (1983). The trustee further urges the proposition that control over the disposition of the trust corpus need not be absolute to invalidate a spendthrift trust, relying upon *In re Nichols*, 42 B.R. 772, 776 (Bankr. M.D.Fla.1984), and *In re Goshe*, 85 B.R. 157, 160 (Bankr.M.D.Fla.1988).

In *Nichols*, the court found an anti-alienation provision in a pension and profit plan to be invalid because the employee could borrow funds from the trust under certain circumstances and could compel distribution upon termination of employment. *Nichols*, 42 B.R. at 776. Similarly, in *Goshe*, the court found that, where the beneficiary had the right to require the trust administrator to convey trust property to him, the beneficiary had dominion and control sufficient to defeat the validity of the spendthrift provisions in an ERISA plan. *Goshe*, 85 B.R. at 159.

Although the court agrees with the basic proposition for which these cases are cited, the cases themselves are inapposite to the facts of this proceeding. In each of those cases the portions of the pension and profit sharing plans that were involved represented funds contributed by the debtors to the plans. The decisions addressed public policy concerns against allowing a person to protect his own property from the reach of creditors while still retaining an unfettered right to enjoy it himself. In contrast, the trust is a bequest by a third party with conditions attached. Under its terms, it is a true spendthrift trust that is designed to provide a fund for the maintenance of the beneficiary while at the same time securing it against the beneficiary's own improvidence or incapacity as contemplated by *Croom v. Ocala Plumbing & Electric Co.*, 62 Fla. 460, 465, 57 So. 243, 244 (1911).[1]

■ Furthermore, the debtor here does not possess the requisite control over the trust principal required to invalidate the spendthrift clause. An otherwise valid spendthrift trust will not be disallowed under Maryland law merely because the beneficiary happens to represent a minority of the voting trustees. *See Medwedeff*, 179 Md. at 197, 17 A.2d 141 (provision permitting majority of eight beneficiaries to invade the corpus of the trust on behalf of a beneficiary did not defeat the spendthrift provision).

There is a provision in this trust that permits the trustees to invade the corpus for the benefit of the beneficiaries in certain circumstances. Discretion to do so, however, is accorded to the three trustees jointly and not to the debtor alone. Moreover, in exercising that discretion, each trustee has a fiduciary obligation to the remaining beneficiaries, including the children of the debtor. Whether decisions regarding the disposition of the principal are made by unanimous or majority vote is irrelevant because, in either circumstance, the debtor alone cannot dictate the outcome. Indeed, the Bank's prior history of disapproving the debtor's requested distribution in 1987 is evidence of its willingness and ability to exercise a veto power.

---

1. Although the court decides this proceeding today under Maryland law, the Florida law with which the court is more familiar is identical to Maryland law on all relevant points.

■ Although the possibility exists that at some time in the future the number and identity of the trustees may radically change in a way that could leave the debtor in control of the trust[2], that was not the situation when the debtor filed his bankruptcy petition nor is it the situation now. In any event, the court considers such a possibility too remote to be a significant factor in the decision made today. Moreover, the determination of what constitutes property of the estate is to be based on the circumstances at the time of filing. *Lockhart v. Garden City Bank & Trust Co.*, 116 F.2d 658, 659 (2d Cir.1940). *See also Medwedeff*, 179 Md. at 195, 17 A.2d 141 (spendthrift trust was valid at the adjudication of bankruptcy despite potential expiration of trust 15 months after the bankruptcy).

Although a beneficiary's ability to exercise something less than "absolute" control over a spendthrift trust may destroy its spendthrift character, something greater than being one of three trustees, as the debtor here is, is required to effect this result.

■ This is not a self-settled trust and the debtor clearly does not have dominion and control such that the spendthrift trust should be found to be invalid. Because the spendthrift clause is valid, it follows that the corpus of the trust is excluded from property of the estate pursuant to Section 541(c)(2) of the Bankruptcy Code.

### C.

Alternatively, the Trustee contends that the spendthrift clause, as it relates to the debtor's right to receive income for life from his share of the trust, is invalid and that future quarterly payments are property of the estate. The Trustee cites *In re May*, 83 B.R. 812, 815 (Bankr.M.D.Fla. 1988), to support his contention that the debtor's right to demand a quarterly pay-

ment of the entire net income from his share of the trust constitutes sufficient dominion and control over the right to those quarterly income payments to destroy their spendthrift character.

In *May*, the testamentary trust provided for payment of $8,000 annually to be made to the beneficiary debtor. The trust further provided that the annual payment was to be made from income of the corpus or, if insufficient, from an invasion of the corpus. *Id.* at 814. Importantly, although the corpus of the trust was inaccessible to the beneficiary debtor beyond the annual payment, there were no restrictions on the transfer of the annual benefits to be paid to the beneficiary. *Id.* Accordingly, the court held that the corpus of the trust was not property of the estate but the beneficiary debtor's right to the $8,000 annual payment was.

■ Unlike *May*, the facts in this case more closely follow *Medwedeff* because the debtor has no right to anticipate and alienate the future income from the trust prior to receipt of payment. The spendthrift clause of the trust specifically refers to both the corpus and income from the trust; the future right to receive income is thus protected by the spendthrift provision. The right to quarterly disbursements of income for life, therefore, is protected by the terms of the trust and is excluded from property of the estate.

### D.

■ Although the future right to receive income periodically from the trust is protected by the spendthrift provision, once income is received by the beneficiary or once the beneficiary is entitled to receive the income under the terms of the trust, that income is no longer protected by the spendthrift provision under Maryland law. *Brent v. Maryland Central Collection*

---

**2.** In the event that the debtor's brother, Peter, were to resign as trustee or die, the co-trustees would then be the debtor and the Bank. Although the existence of only two trustees, having equal powers, might create potential conflicts in the disposition of the trust, such conflicts would presumably be resolved through the Maryland court, and the debtor would enjoy no greater dominion over the trust than he presently holds. The debtor's ability to exercise control over the trust would only be absolute in the event that both the debtor's brother and the Bank resign as trustees, at best a remote possibility.

*Unit,* 311 Md. 626, 634–35, 537 A.2d 227, 231 (App.1988); *Togut v. Hecht (In re Hecht)* 54 B.R. 379, 383 (Bankr.S.D.N.Y. 1985), *aff'd,* 69 B.R. 290 (S.D.N.Y.1987).

 Thus, the income from the trust received by the debtor and in his possession on or before the date of the petition is not protected by the spendthrift provision and is property of the estate. The same is true with regard to payments still held by the trustees to which the debtor was entitled but which had not been paid to him before the time of filing.

### E.

Section 541(a) of the Bankruptcy Code provides that property of the estate includes—

5. Any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date—

(A) by bequest, devise, or inheritance;

\* \* \* \* \* \*

 Under the facts of this case, the debtor either acquired, or was entitled to acquire, at least two quarterly payments within 180 days after the filing of the petition. These payments came to the debtor through the bequest of his mother. Accordingly, the funds to which the debtor was entitled within 180 days after the filing of the petition are therefore property of the estate under Section 541(a)(5)(A).[3]

### F.

 Finally, nothing in the stipulated facts suggests that the Bank knew about the debtor's filing of his bankruptcy petition when it made the income payments to the debtor during the 180 day period after the filing. The Trustee, therefore, has no claim against the Bank for payments that may have been made in derogation of the estate's rights; the Trustee must look solely to the debtor to recover these amounts.

### III.

The court has jurisdiction of the parties and of the subject matter pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157(a), and the general order of reference entered by the district court. This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

Pursuant to F.R.B.P. 9021, the court will enter a separate judgment in accordance with this decision. Each party will bear its own costs of action. Counsel are requested to submit an agreed form of judgment for consideration by the court within two weeks time. If counsel are unable to agree, they may submit alternative forms.

DONE and ORDERED.

---

**3.** The right to property under Section 541(a)(5)(A) is governed by whether the debtor "acquires or becomes entitled to acquire" the property in question during the 180 day period following the filing of the petition. The Bankruptcy Code avoids any reference to the term "vest" which was the test under the old Bankruptcy Act of 1889. Under the old test, property acquired within 180 days of the filing of the petition was protected if the debtor's interest in the property "vested" prior to the petition being filed. *In re Edgar,* 728 F.2d 1371 (11th Cir. 1984). Under the Bankruptcy Code, however, this standard has been abandoned. *In re Graham,* 726 F.2d 1268, 1271 (8th Cir.1984).