**In re John Robert CATTAFI, Debtor.**

**Bankruptcy No. 99–02393–6B7.**

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

July 1, 1999.

Howard A. Speigel, Winter Park, FL, for Debtor.

Lynnea S. Concannon, Orlando, FL, for Trustee (Marie E. Henkel).

## *MEMORANDUM OPINION*

ARTHUR B. BRISKMAN, Bankruptcy Judge.

This case came on the Amended Objection by Trustee to Debtor's Claim of Exemption and Motion for Turnover of Property of the Estate Regarding the Beneficial Interest in the Cattafi Family Revocable Trust. Appearing were Howard Speigel, attorney for the Debtor, John Robert Cattafi; and Lynn Concannon, at-

torney for the Trustee. After considering the evidence, testimony, and arguments and briefs of counsel, the Court makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

Robert Cattafi, Sr. and Diane Cattafi, parents of John Robert Cattafi ("Debtor"), executed two quitclaim deeds on July 24, 1995. Each of the quitclaim deeds transferred one parcel of real property jointly to Debtor and his three brothers ("The Brothers"). One parcel of property was a residence, and the other parcel of property was commercial real estate.

Debtor and his brothers executed a trust agreement establishing the Cattafi Family Trust ("The Trust") on March 7, 1998. Debtor and his brothers executed two quitclaim deeds on March 7, 1998, transferring their interests in the real estate as tenants in common to the Trust. The quitclaim deeds were recorded on March 26, 1998. These two parcels of real estate comprise the trust property and are free and clear of liens. One of the brothers lives in the residential property. A third party is conducting a used car dealership on the commercial property.

The trust agreement identifies Debtor and his brothers as the settlors and beneficiaries of the Trust, and David E. Cattafi, Debtor's brother, as the trustee. The Trust provides that the settlors have the power to: (1) revoke the Trust by the majority vote of the settlors; (2) change the trustee; (3) amend the Trust; and (4) withdraw any or all of the property from the operation of the Trust. The Trust also provides that the trustee has the full discretion to distribute:

> ... so much of the income and principal of this Trust at such time and in such manner as the Trustee, in the Trustee's sole discretion, determines is necessary or desirable to provide for the health, benefit or well-being of any one or more of Diane Cattafi or the Settlors; provided however, than any distribution to the

Settlors (but not Diane Cattafi) shall be made in equal shares to all of the Settlors[.]

The Trust may be terminated at any time by a majority vote of the then living settlors.

Debtor filed a bankruptcy petition under Chapter 7 of the United States Bankruptcy Code on March 22, 1999. Debtor claimed an exemption in his beneficial interest in the Trust, valuing his interest at $30,000.00. The Chapter 7 Trustee, Lynn Concannon, objected to the claim of exemption on May 3, 1999, within thirty days after the conclusion of § 341 meeting on April 3, 1999.

The Cattafi Family Revocable Trust is not a valid spendthrift trust. Debtor's beneficial interest in the trust property is property of the estate.

## CONCLUSIONS OF LAW

█ Section 541 of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq., provides that property of the estate consists of all property in which a debtor has a legal or equitable interest at the time of bankruptcy. 11 U.S.C. § 541(a)(1). The terms "legal interest" and "equitable interest" are construed broadly.

█ Section 541(c)(2) is an exception to the scope of § 541(a). Section 541(c)(2) preserves restrictions on the transfer of a beneficial interest of the debtor in a trust which is enforceable under applicable nonbankruptcy law and thus prevents such an interest from inclusion in the property of the estate. 11 U.S.C. § 541(c)(2). The enforceability of spendthrift trusts is governed by nonbankruptcy law.

█ Florida law recognizes and enforces spendthrift trusts. *Lichstrahl v. Bankers Trust (In re Lichstrahl)*, 750 F.2d 1488, 1490 (11th Cir.1985). Spendthrift trusts are defined as:

> [T]hose that are created with a view of providing a fund for the maintenance of another, and at the same time securing

it against his own improvidence or incapacity for self-protection. The provisions against alienation of the trust fund by the voluntary act of the beneficiary, or invitum by his creditors, are the usual incidents of such trusts.

*Croom ·v. Ocala Plumbing & Electric Co.,* 62 Fla. 460, 465, 57 So. 243, 244 (1911); see also *Waterbury v. Munn,* 159 Fla. 754, 32 So.2d 603 (Fla.1947). The typical spendthrift trust is one in which the life cestui's right to recover income is inalienable, either by his own act or that of his creditors, during all or a part of the life of the beneficiary. *Waterbury,* 32 So.2d at 605.

The purpose of a spendthrift trust is to protect the beneficiary from himself and his creditors. *Croom,* 62 Fla. at 466, 57 So. at 244–45. Therefore, such a trust fails where the beneficiary exercises "absolute dominion" over the property of the trust. *Id.*

A strong public policy exists to prevent any person from placing his property in what amounts to a revocable trust for his own benefit which would be exempt from the claims of his creditors. *Judson v. Witlin (In Matter of Witlin),* 640 F.2d 661, 663 (5th Cir.1981). Therefore, if a settlor creates a trust for his own benefit and inserts a spendthrift clause, it is void as far as then existing or future creditors are concerned. *Id.* The existing or future creditors can reach the beneficiary's interests under the trust. *Id.* The general rule is that when one has an interest in property which he may alien or assign, that interest, whether legal or equitable, is liable for the payment of his debts. *Croom,* 62 Fla. at 466, 57 So. at 245.

The Cattafi Family Revocable Trust is not a valid spendthrift trust. The Trust was created by the beneficiaries for their own benefit. Debtor, as a settlor of the Trust, has the power to revoke, amend or terminate the Trust, and to withdraw property from the operation of the Trust. Although the Trust gives the trustee sole discretion to distribute the income and principal of the Trust at the time and in the manner he determines necessary, Debtor has the power to change the trustee, and therefore, power over the distribution of the trust property.

Public policy prevents Debtor from placing his property in a revocable trust for his own benefit, thereby shielding the property from the claims of his creditors. The Trust is void as to Debtor's existing and future creditors, and such creditors can reach his interest under the trust.

Trustee's Amended Objection to Debtor's Claim of Exemption and Motion for Turnover of Property of the Estate is due to be granted. Debtor's beneficial interest in the trust property is property of the estate, pursuant to 11 U.S.C. § 541(a)(1).