**In re Pamela Cleary SCHWEN, Debtor.**

**Pamela Cleary Schwen, Plaintiff,**

v.

**James E. Ramette, Defendant.**

**Bankruptcy No. 97–48058.**
**Adversary No. 99–4085.**

United States Bankruptcy Court,
D. Minnesota.

Nov. 8, 1999.

Thomas F. Miller, Thomas F. Miller, P.A., Minneapolis, MN, for plaintiff.

Andrea M. Hauser, Fuller, Seaver & Ramette, PA, Burnsville, MN, for defendant/trustee.

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FOR PARTIAL SUMMARY JUDGMENT

NANCY C. DREHER, Bankruptcy Judge.

The above entitled matter came on for hearing before the undersigned on October 14, 1999, upon Defendant's motion for summary judgment. Although not labeled as such, Plaintiff's response presents a cross motion for summary judgment. Andrea Hauser appeared on behalf of the Defendant, and Thomas Miller represented the Plaintiff. Based upon the files and records of the proceeding herein, the affidavits, and the arguments of counsel, the Court makes the following:

### FINDINGS OF FACT

1. Plaintiff Pamela Cleary Schwen ("Plaintiff") filed a bankruptcy petition on November 21, 1997. Her case is currently pending before this court as a Chapter 7 proceeding. Defendant James Ramette ("Defendant") was appointed as the trustee of her bankruptcy estate.

2. On May 31, 1994, Plaintiff's mother established a trust entitled the "Theresa A. Cleary Revocable Trust." Theresa Cleary died three days later, and the trust became irrevocable. Plaintiff is a beneficiary and one of two trustees of the trust. The other beneficiaries are Plaintiff's father, Donald Cleary, and Plaintiff's brother, Gregory Cleary. Gregory Cleary serves as co-trustee with his sister.

3. The trust provides that the trustee has the power:

> To manage, control, exchange, sell, rent, lease, convey, deed, mortgage, encumber, lien, pledge, grant options to purchase, transfer, dispose or otherwise deal with any trust assets of any kind, real, personal or mixed, in such manner and on such terms without limit as to time as it may deem advisable. . . .

The co-trustees have always acted pursuant to the understanding that both trustees must agree to any distribution of trust assets. The Defendant does not dispute this interpretation of the trust agreement.

4. The trust assets consist of a Merrill Lynch Trust Management Account and the Florida residence where Donald Cleary and Gregory Cleary reside. Presently, the trust operates primarily to support Donald Cleary, who suffered a debilitating stroke in 1989. However, the trust's principal and income also may be used for the benefit of the Plaintiff and her brother, as follows:

> During the Grantor's Spouse's lifetime, the Trustee may pay so much of the income or principal of this trust to or for the benefit of any one or more of Grantor's Spouse or Grantor's lineal descendants living from time to time, at such times and in such manner as the Trustee may deem advisable, in the Trustee's sole discretion, for the support in such beneficiaries' accustomed manner of living, education and maintenance in health and reasonable comfort, without regard to equality of distribution.

Upon the death of the father, the trust assets will be divided equally between the Plaintiff and her brother, with Gregory Cleary's share to include the residence.

5. On April 26, 1996, with the approval of her brother, Plaintiff received a distribution from the trust account in the total amount of $13,800. The distribution was made to help Plaintiff overcome financial difficulties related to divorce proceedings. On February 16, 1999, the trustees agreed to another distribution of $5000 in order to pursue the present litigation. All other distributions of trust assets have been made for the benefit of the father.

6. The trust contains a spendthrift clause, which states:

> [N]one of the principal or income of the trusts created hereunder shall be subject to anticipation, assignment, mortgage or pledge in any manner by any beneficiary or to the interference or control of any creditor of any beneficiary, or any spouse for alimony or support, and shall not be reached by any legal or equitable or other process, including bankruptcy proceedings, in satisfaction of any debt or liability of a beneficiary prior to receipt by the beneficiary.

7. The Plaintiff maintains that her interest in the trust is not property of the bankruptcy estate because the spendthrift provision creates a valid restriction on transfer pursuant to Bankruptcy Code § 541(c)(2). The Defendant believes that the spendthrift provision is invalid because of the Plaintiff's joint interest as trustee and beneficiary. The Defendant further maintains that, because the other trustee is also a beneficiary, the confluence of legal and beneficial interests invalidates the spendthrift provision.

## CONCLUSIONS OF LAW

Summary judgment is governed by Federal Rule of Civil Procedure 56, which is made applicable to this adversary proceeding by Bankruptcy Rule 7056. Federal Rule 56 provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

FED.R.CIV.P. 56(c). The parties agreed at the hearing that the matter is ripe for judgment on legal grounds and does not

require a trial. Accordingly, summary judgment is appropriate in this matter.

▇▇ Section 541(a)(1) of the Bankruptcy Code provides that a debtor's bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1) (1994). However, a debtor's interest in a trust is excluded from the estate if it is restricted from transfer under applicable nonbankruptcy law. 11 U.S.C. § 541(c)(2). The court must generally look to state law in determining whether property is excludable under § 541(c)(2). *Drewes v. Schonteich*, 31 F.3d 674, 676 (8th Cir.1994) (citing *Patterson v. Shumate*, 504 U.S. 753, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992)). Accordingly, because the trust was established and is administered in Florida, I must look to Florida law to determine whether the spendthrift provision is a valid restriction on transfer so as to exclude the trust from Plaintiff's bankruptcy estate. *See McCauley v. Hersloff (In re Hersloff)*, 147 B.R. 262, 264 (Bankr.M.D.Fla.1992).

▇▇ Florida courts have indicated that a spendthrift trust is defined to be a trust that is created with a view of providing a fund for the maintenance of another, and at the same time securing it against his own improvidence or incapacity for self protection. *In re Cattafi*, 237 B.R. 853, 855–56 (Bankr.M.D.Fla.1999); *Dollinger v. Bottom (In re Bottom)*, 176 B.R. 950, 952 (Bankr.N.D.Fla.1994). The Defendant does not dispute the existence of the spendthrift trust itself. Rather, the Defendant argues that the spendthrift provision is invalid because the beneficiaries exercise too much control over the trust assets.

▇▇ The purpose of a spendthrift trust is to protect the beneficiary from himself and his creditors. *Cattafi*, 237 B.R. at 856. Therefore, such a trust fails where the beneficiary exercises dominion or control over the property of the trust. *Id.; Bottom*, 176 B.R. at 952. In bankruptcy proceedings, the debtor's degree of control over the spendthrift trust is often the primary consideration in determining its validity. *Kaplan v. Primerit Bank*, 97 B.R. 572, 576–77 (9th Cir. BAP 1989). It is clear that if the beneficiary has absolute and sole discretion to compel distribution of the trust assets, the spendthrift provision must fail. *See Bottom*, 176 B.R. at 952 (noting that the sole trustee and the sole beneficiary cannot be one in the same); *Govaert v. Strehlow (In re Strehlow)*, 84 B.R. 241, 244 (Bankr.S.D.Fla. 1988). However, something less than absolute control may also destroy the spendthrift character of a trust. *Hersloff*, 147 B.R. at 266.

▇▇ In this case the Plaintiff is one of two co-trustees, both of whom must consent prior to any withdrawal from the trust. The case of *McCauley v. Hersloff (In re Hersloff)*, 147 B.R. 262 (Bankr. M.D.Fla.1992), holds that when the debtor is one of three trustees, she does not exercise enough control over the trust to invalidate the spendthrift provision. *Id.* at 265 ("An otherwise valid spendthrift trust will not be disallowed … merely because the beneficiary happens to represent a minority of the voting trustees."). The case goes on to note that even if there were only two trustees, the debtor still would not have sufficient control over the trust to invalidate its spendthrift provision. *Id.* at 266 n. 2.

The present case is distinguishable from the *Strehlow* case cited by the Defendant. The court in that case found that a spendthrift provision was invalid because the debtor had sole discretion to compel distribution without the consent of his co-trustee. *Strehlow*, 84 B.R. at 244. Here, the parties agree that the Plaintiff must have the consent of her brother prior to any distribution. Thus, Plaintiff's control is sufficiently limited by her co-trustee to uphold the spendthrift provision.

▇▇ The Plaintiff's control is also limited by her fiduciary duties to the other

beneficiaries. *Hersloff,* 147 B.R. at 265. In order for the beneficiary to be exercising control over the trust, she must be free to make distributions without breaching any duty, especially to other beneficiaries. David B. Young, *The Pro Tanto Invalidity of Protective Trusts: Partial Self–Settlement and Beneficiary Control,* 78 MARQ. L.REV. 807, 855 (1995) (citing *In re Kreiss,* 72 B.R. 933, 938, 941–42 (Bankr.E.D.N.Y. 1987)). The two co-trustees and their father are all beneficiaries under the trust. Therefore, the co-trustees owe fiduciary duties to their father as well as each other. Such fiduciary duties sufficiently limit the Plaintiff's control and preserve the spendthrift trust.

Moreover, contrary to the Defendant's argument, the confluence of legal and beneficial interests in the Plaintiff and her brother does not invalidate the spendthrift provision. All of the trustees may be beneficiaries while still maintaining a valid spendthrift trust. *See Waterbury v. Munn,* 159 Fla. 754, 32 So.2d 603, 605 (1947) (noting that a will created a valid spendthrift trust where the only two trustees were among the five beneficiaries); *see also* Young, *supra,* at 855; Restatement (Second) of Trusts § 152m (referring also to §§ 99, 115). This is so because no single beneficiary has sufficient control over the trust to compel a distribution. Young, *supra,* at 855. Therefore, the fact that the two trustees are also beneficiaries does not invalidate the spendthrift nature of the trust.

## CONCLUSION

Because the Plaintiff's control over the trust is limited by the presence of a co-trustee and her fiduciary duties to the other beneficiaries, she does not exercise sufficient dominion and control over the trust to invalidate the spendthrift provision. Furthermore, the fact that both trustees are also beneficiaries similarly does not destroy the spendthrift trust because neither one can exercise complete control. Therefore, the spendthrift provi-

sion is valid, and Plaintiff's interest in the trust is excluded from her bankruptcy estate pursuant to Bankruptcy Code § 541(c)(2).

ACCORDINGLY, IT IS HEREBY ORDERED THAT judgment be entered in favor of the Plaintiff Pamela Cleary Schwen declaring her interest in the Theresa A. Cleary Revocable Trust excluded from her bankruptcy estate. There being other issues pending in the case and no justification for making the express determination and direction required by Bankruptcy Rule 7054, applying Federal Rule of Civil Procedure 54(b), judgment shall not be entered at this time.