**In re GRIEVES, Samantha E., Debtor.**

**No. 99–07264–6J7.**

United States Bankruptcy Court, M.D. Florida, Orlando Division.

Feb. 14, 2000.

J. William Masters, III, Orlando, FL, for debtor.

Gene T. Chambers, Orlando, FL, Chapter 7 Trustee.

*ORDER SUSTAINING TRUSTEE'S OBJECTION TO EXEMPTIONS AND GRANTING MOTION FOR TURNOVER OF NON–EXEMPT PROPERTY*

KAREN S. JENNEMANN, Bankruptcy Judge.

This case came on for hearing on January 18, 2000, on the Trustee's Objection to Exemptions and Motion for Turnover of Non–Exempt Property (Doc. No. 9) and the Debtor's Response to the Trustee's Objection (Doc. No. 11). For the reasons stated below, the Trustee's Objection to Exemptions is sustained, and the Motion for Turnover is granted.

The debtor, Samantha E. Grieves, is a young woman, currently 23 years old, who, upon reaching the age of 25, is entitled to receive approximately $25,000 from the testamentary trust endowed by her grandfather. The trust currently is administered in connection with a pending probate case in New Jersey. The trustee appointed by the New Jersey court has control of the trust assets and is permitted to release funds only for the debtor's education until she reaches the age of 25 at which time the trustee is directed to provide the balance of the funds to the debtor. The debtor claimed her interest in the trust as exempt asserting that, because the debtor has only a future interest, the property does not constitute property of the debtor's estate.

The debtor is incorrect. Property of the estate includes "all legal and *equitable* interests of the debtor in property as of the commencement of the case wherever located and by whomever held." 11 U.S.C. § 541(a)(1) (emphasis added). A trust by definition gives the beneficiary equitable title to the trust assets and allows legal title to remain with the trustee. A beneficial interest in a testamentary trust acquired by a debtor prepetition is included in the bankruptcy estate because the debtor has a present equitable interest. *Putney v. May (In re May)*, 83 B.R. 812, 814 (Bankr.M.D.Fla.1988). However, any restrictions on the transfer of a beneficial interest contained in the trust are enforceable in bankruptcy. *Id.*

In this case, the debtor received a vested interest in the trust assets upon her grandfather's death. The debtor's interest is not contingent; the interest is vested

subject to a possible future divestment in the event she does not reach the age of 25. The debtor's interest in the trust is a present vested equitable interest and is property of the bankruptcy estate.

 Accordingly, since the Chapter 7 Trustee appointed in this estate has the right to full use and control of all property of the estate, and because the debtor has no separate basis to exempt the property from claims of creditors, the Trustee's Objection to Exemption is sustained. Further, the Trustee is entitled to the turnover of the non-exempt property pursuant to any restrictions contained in the underlying trust agreement that remain enforceable.